# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| LOCKWOOD HOLDINGS, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 18-30197 (DRJ) |
| | § | |
| Tax I.D. No. 76-0139726 | § | (proposed lead case) |
| | § | |
| In re: | § | |
| | § | |
| LH AVIATION, LLC, | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 18-30198 (MI) |
| | § | |
| Tax I.D. No. 46-5266984 | § | |
| | § | |
| In re: | § | |
| | § | |
| PIPING COMPONENTS, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 18-30199 (MI) |
| Tax I.D. No. 38-3950197 | § | |
| | § | |
| | § | |

## MOTION PURSUANT TO RULE 1015(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 1015-1 FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Lockwood Holdings, Inc. and certain of its affiliates, the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] for their *Motion Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1 for an Order Directing Joint Administration of Cases* ("Motion"), respectfully represents:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any) are: Lockwood Holdings, Inc. (9726); Piping Components, Inc. (0197); LH Aviation, LLC (6984).

1

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## PROCEDURAL BACKGROUND

4.      On January 18, 2018 (the "Petition Date"), the Debtors each filed with this Court a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtors are operating their businesses and managing their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

6.      The Debtors are related entities.  The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit "A," directing procedural consolidation and joint administration of these chapter 11 cases.  The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Lockwood Holdings, Inc. Case No. 18-30197 and that the cases be administered under a consolidated caption, as follows:

4425425.2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*, | § § | Case No. 18-30197 (DRJ) |
| Debtors. | § § § | Jointly Administered |
|  | § |  |

7.     The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8.     The Debtors also request that a docket entry, substantially similar to the following be entered on the docket of each of the Debtors other than Lockwood Holdings, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: Piping Components, Inc. Case No. 18-30199; LH Aviation, LLC Case No. 18-30198; Lockwood Holdings, Inc. Case No. 18-30197.  The docket in Case No. 18-30197 should be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

9.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more general partners . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates."  FED. R. BANKR. P. 1015.  The three (3) Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief

3

requested herein.  Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

10.     Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interest of their estates, their creditors, and all other parties in interest.[2]

## NOTICE

12.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Wells Fargo as administrative agent under the Debtors' secured credit agreement; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

13.     No prior request for the relief sought in this Motion has been made to this or any other court.

---

[2] The Debtors reserve the right to add additional debtors.

4

4425425.2

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 18th day of January, 2018.

**GRAY REED & McGRAW LLP**

By:  */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:    jbrookner@grayreed.com

-and-

    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:    lwebb@grayreed.com

**PROPOSED COUNSEL TO THE DEBTORS**

**CERTIFICATE OF SERVICE**

I do hereby certify that on January 18, 2018 a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case.

*/s/ Jason S. Brookner*
Jason S. Brookner

5

**Exhibit "A"**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| LOCKWOOD HOLDINGS, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 18-30197 (DRJ) |
| | § | |
| Tax I.D. No. 76-0139726 | § | (proposed lead case) |
| | § | |
| | § | |
| In re: | § | |
| | § | |
| LH AVIATION, LLC, | § | Chapter 11 |
| Debtor. | § | |
| | § | Case No. 18-30198 (MI) |
| Tax I.D. No. 46-5266984 | § | |
| | § | |
| | § | |
| In re: | § | |
| | § | |
| PIPING COMPONENTS, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 18-30199 (MI) |
| Tax I.D. No. 38-3950197 | § | |
| | § | |
| | § | |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES
**[Relates to Dkt. No. ___]**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an entry of an order (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, including the ability to add later filed cases to these chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to

---

[1] Capitalized terms used but not otherwise defined shall have the meanings set forth to them in the Motion.

1

28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceeding had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 18-30198 (DRJ). Additionally, the following items are ordered:

      a.      One disclosure statement and plan of reorganization may be filed by any plan proponent.

      b.      Case Nos. 18-30199 and 18-30198 shall be transferred to Judge Jones, who has the lower number case.

      c.      Parties may request joint hearings on matters pending in any jointly administered cases.

3.      The caption of the jointly administered cases should read as follows:

2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*, | § § § | Case No. 18-30198 (DRJ) |
| Debtors. | § § § § | Jointly Administered |

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Lockwood Holdings, Inc., Case No. 18-30198, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: Piping Components, Inc. Case No. 18-30199; LH Aviation, LLC Case No. 18-30198; Lockwood Holdings, Inc. Case No. 18-30197.  The docket in Case No. 18-30197 should be consulted for all matters affecting this case.

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, the Debtors

or the Debtors' estates and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as precluding the Debtors from causing any of their non-Debtor affiliates from commencing voluntary cases under the Bankruptcy Code.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2018             _____
Houston, Texas                    DAVID R. JONES
                                  CHIEF UNITED STATES BANKRUPTCY JUDGE