**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*, | § § | Case No. 18-30197 (DRJ) |
| Debtors.[1] | § § § | Jointly Administered |
|  | § § |  |

**INTERIM ORDER AUTHORIZING USE OF CASH, APPROVING BUDGET,**
**GRANTING REPLACEMENT LIENS, AND SETTING FINAL HEARING**
**[Relates to Dkt. No. __]**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors"),[2] for *Interim and Final Orders (A) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1* [Docket No. __]; and the Court having examined the Motion, being fully advised of the relevant facts and circumstances surrounding the Motion, having completed a hearing (the "Hearing") on the Motion, and all objections, if any, having been withdrawn, resolved or overruled by the Court, for the reasons stated on the record at the Hearing,

**THE COURT HEREBY FINDS:**

1.      On January 18, 2018 and January 24, 2018, (the "Petition Dates"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are now operating their businesses and managing their property as debtors in possession pursuant to Sections

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); LMG Manufacturing, Inc. (9468); Lockwood Enterprises, Inc. (6504); and 7807 Eagle Lane, LLC (7382).

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

1



1107(a) and 1108 of the Bankruptcy Code in this jointly administered case.  No trustee, examiner or official committee has been appointed.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The nature of the Debtors' business is the distribution of pipes, valves, and fittings, primarily to customers in the oil and gas industry.

4.      Without access to Cash Collateral, the Debtors will not be able to pay operating expenses and obtain goods, services, or equipment needed to complete existing orders and carry on its distribution business.  The ability to use Cash Collateral, in accordance with a budget approved by this Court, is vital to the confidence of the Debtors' vendors and providers of the goods and services essential to the Debtors' operations, and to the preservation and maintenance of the ongoing concern value of the Debtors' estates.

5.      Subject to the Debtors' investigation of lien perfection and claims, substantially all of the Debtors' assets appear to be subject to the pre-petition liens of the Lenders, including liens on Cash Collateral—accounts, general intangibles, instruments, monies, and payments.

6.      Without the use of this Cash Collateral, the Debtors do not have sufficient available working capital with which to service and fill PVF orders from their customers, the core of the debtors business.

7.      The Debtors have shown that they are providing Adequate Protection to the Lenders for the use of Cash Collateral, as set forth more fully in the Motion and below.

8.      This Court finds and concludes that entry of this Order is in the best interests of the Debtors, the estates and all creditors, as its implementation will, among other things, allow for the uninterrupted operation the Debtors' existing distribution business and completion of orders.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.      The Debtors are hereby authorized to use Cash Collateral subject to the protections and considerations described in this Order in the amounts and for the expenses set forth on the budget Annexed hereto as Exhibit "1" (the "Interim Budget") not to exceed 110% of the aggregate amount thereof.

2.      The Lenders shall have a security interest in the Debtors' post-petition assets with the same nature, extent, priority, and validity as the pre-petition security interest held by the Lenders.

3.      The Lenders are hereby granted, from and after the Petition Dates, replacement liens and security interests in all accounts and inventory acquired by the Debtors after the Petition Dates, specifically including all cash proceeds arising from such accounts and inventory acquired by the Debtors after the Petition Dates, in the same nature, extent, priority, and validity that any such liens asserted by the Lenders existed on the Petition Dates.

4.      As of the Petition Dates, said replacement liens and security interests granted to the Lenders shall be valid, perfected, enforceable and effective against the Debtors, their successors and assigns, including any trustee or receiver in this or any superseding chapter 7 case, without any further action by Debtors or the Lenders and without the execution, delivery, filing or recordation of any promissory notes, financing statements, security agreements or other documents. Notwithstanding the foregoing, this Interim Order shall be deemed a security agreement and may be filed as a financing statement and the Debtors shall execute and deliver such notes, security agreements, assignments, financing statements and other documents that the Lenders shall reasonably request to further evidence the liens and security interests granted hereby.

3

5.      The Lenders shall have all the rights and remedies of a secured creditor in connection with the liens and security interests granted by this Order in all collateral, except to the extent that such rights and remedies may be affected by the Bankruptcy Code, and otherwise.

6.      Notwithstanding anything to the contrary herein, this Order is without prejudice to, and shall not limit, release or impair, the rights of any party to (i) contest the extent, validity, or priority of (A) the pre-petition indebtedness owed to the Lenders or (B) any alleged pre-petition liens securing such indebtedness, including but not limited to the Lenders' asserted liens on the Cash Collateral or (ii) investigate and commence potential claims and causes of action against the Lenders arising from their prepetition conduct and actions.

7.      The replacement liens granted herein shall not prime or subordinate any valid prepetition ad valorem tax liens held by a government entity incident to any real property or tangible personal property of the Debtors, if any such liens exist.

8.      The provisions of this Order shall be binding upon and inure to the benefit of the Lenders and the Debtors.  However, nothing herein shall prevent the Debtors or the Lenders from seeking any form of relief under the Bankruptcy Code.

9.      The Court will conduct a Final Hearing on _____, 2018 at _____ to consider entry of a Final Order on the Motion.  The Final Hearing may be continued from time to time without further notice other than that given in open court.  The Debtors are directed to, by no later than three business days following entry of this Interim Order, serve, via United States Mail, postage pre-paid, a copy of the Interim Order and a notice of the Final Hearing on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) Wells Fargo, directly or through their counsel, if any, (iii) any statutory committee of unsecured creditors appointed in the Debtors' chapter 11 cases, and (iv) those parties that have filed a notice of appearance requesting notice,

4

which service shall constitute adequate and proper notice of the hearing.  Any objection to the Interim Order or entry of a Final Order must be filed with the Court and received by counsel for the Debtors, the Lenders, and the United States Trustee no later than _____, 2018 at 5:00 p.m.  Any timely and properly filed and served objection will be heard at the Final Hearing.

Dated: _____, 2018  _____
Houston, Texas  DAVID R. JONES
  CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Proposed Interim Budget**

4425441.2

| Week Ending | 1/28/2018 | 2/4/2018 | 2/11/2018 |
|---|---|---|---|
| **Beginning Cash** | $ 1,528,640 | $ (2,316,905) | $ 3,601,622 |
| Cash Wells Fargo Accounts | $ 555,097 | | |
| **Available Begining Cash** | $ 973,544 | $ (2,316,905) | $ 3,601,622 |
| | | | |
| **Cash In** | | | |
| Current Receivables | $ - | $ 10,314,528 | $1,790,552 |
| New Receivables | - | - | - |
| Insurance Proceeds | - | 2,100,000 | |
| *Total Inflows* | $ - | $ 12,414,528 | $ 1,790,552 |
| | | | |
| **Professional Fees** | $ - | $ - | $ - |
| **Materials Purchases** | - | (7,768,588) | - |
| **Operating Vendor Payments** | - | | - |
| | | | |
| **Compensation** | | | |
| Payroll | $ (51,000) | $ (580,357) | $ - |
| Health & Benefits | $ - | $ (191,160) | |
| Temporary Labor | $ - | $ (10,000) | $ - |
| Contract Labor | $ (16,000) | $ (16,000) | $ (16,000) |
| Total Compensation | $ (67,000) | $ (797,517) | $ (16,000) |
| | | | |
| **Other Expenses** | | | |
| Rent | $ (74,348) | $ (177,291) | $ - |
| Equipment Rental | $ (45,755) | $ - | $ - |
| Supplies | $ (68,221) | $ - | $ - |
| T&E | $ - | $ - | $ - |
| Freight | $ (313,552) | | $ - |
| IT Costs | $ (293,092) | $ (25,500) | $ - |
| Vehicles & Trucks | $ - | $ - | $ - |
| Utilities | $ (63,525) | $ - | $ - |
| Insurance | $ (215,285) | $ (44,009) | $ - |
| Sales Tax | $ (335,688) | $ - | $ - |
| Property Taxes | $ (1,682,000) | $ - | $ - |
| Other Payments | $ - | $ - | $ - |
| Canadian Taxes | $ (131,983) | $ - | $ - |
| US Trustee | $ - | $ - | $ - |
| Total Other Expenses | $ (3,223,448) | $ (246,800) | $ - |
| | | | |
| *Total Outflows* | $ (3,290,448) | $ (8,812,906) | $ (16,000) |
| | | | |
| **Available Beginning Cash** | $ 973,544 | $ (2,316,905) | $ 3,601,622 |
| **Ending Cash Balance** | $ (2,316,905) | $ 3,601,622 | $ 1,774,552 |