## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*, | § | |
| | § | Case No. 18-30197 (DRJ) |
| Debtors.[1] | § | |
| | § | Joint Administration Requested |
| | § | |
| | § | |

## EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS, AND (II) DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR, AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND TO HONOR ALL FUND TRANSFER REQUESTS RELATED THERETO

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON JANUARY 25, 2018 AT 2:30 P.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Lockwood Holdings, Inc. and certain of its affiliates, the above-captioned debtors and debtors in possession (the "Debtors"), for their Emergency Motion for Approval of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); LMG Manufacturing, Inc. (9468); Lockwood Enterprises, Inc. (6504); and 7807 Eagle Lane, LLC (7382).

1

and Other Compensation and (B) Maintain Employee Benefit Programs, and (II) Directing Financial Institutions to Receive, Process, Honor, and Pay All Checks Presented for Payment and to Honor All Fund Transfer Requests Related Thereto (the "Motion"), respectfully represent:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## PROCEDURAL HISTORY AND BACKGROUND

4.      On January 18, 2018 (the "First Petition Date"), Lockwood Holdings, Inc., LH Aviation, LLC and Piping Components, Inc. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 24, 2018 (the "Second Petition Date," and together with January 18, 2018 the "Petition Dates"), Lockwood International, Inc., LMG Manufacturing, Inc., Lockwood Enterprises, Inc., and 7807 Eagle Lane, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors each remain in possession of their property and each is managing its business as a debtor in possession.  No trustee, examiner, or official committee has been appointed

6.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Emergency Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral*

2

*Pursuant to Section 363(c) of the Bankruptcy Code and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "Cash Collateral Motion"), filed contemporaneously herewith.

## EMPLOYEE COMPENSATION AND BENEFITS

### A.    Wages, Salaries, and Other Compensation

7.     The Debtors currently employ approximately 200 full-time employees ("Wage Employees"), 4 independent contractors ("Independent Contractors"), and 3 temporary workers ("Temporary Workers").   The Wage Employees, Independent Contractors, and Temporary Workers are broken down as follows:[2]

- a.    Lockwood International, Inc. ("LII") U.S. operations: 126 Wage Employees; 4 Independent Contractors; 3 Temporary Workers.

- b.    LII Canadian operations: 21 Wage Employees

- c.    LII European operations: 15 Wage Employees

- d.    LMG Manufacturing, Inc. ("LMG"): 37 Wage Employees

- e.    Lockwood Holdings, Inc. ("LHI"): 1 Wage Employee

8.     Payroll across all Debtors is funded through LII.  The Wage Employees in the United States and Canada are paid every two weeks.  The Debtors' average bi-weekly payroll totals approximately:

- a.    $430,000 for LII's U.S. operations

- b.    $50,000 for LII's Canadian operations

- c.    $50,000 for LMG

- d.    $20,000 for LHI

9.     The Wage Employees in Europe are paid monthly.  The average monthly payroll totals approximately $75,000.

---

[2] There are no Wage Employees, Independent Contractors or Temporary at Piping Components, Inc., LH Aviation, LLC, or 7807 Eagle Lane, LLC.

3

10.     The Debtors' Independent Contractors are individuals who are paid hourly and who receive weekly payments.   The Debtors' average weekly payments for Independent Contractors total approximately $12,500.

11.     The Debtors also employ Temporary Workers who are paid hourly and who receive bi-weekly payments.  The Debtors' average bi-weekly payments for Temporary Workers total approximately $10,000.

12.     The Debtors use third party service providers to process and pay employee compensation for the Wage Employees.  As part of the Debtors' ordinary course of business, the funds to pay employee wages are withdrawn from the LII bank account on the Wednesday preceding each bi-weekly payroll.  The third party service providers hold those funds until payroll is released the immediately following Friday (i.e., two days later) and transfer as required withholding payments to the Internal Revenue Service, non-U.S. regulatory authorities, and relevant states.  The amounts paid per month and the amount owed as of the Petition Date are broken down as follows across the Debtors' operations:

      a.    For LII's U.S. operations, LMG and LHI:  LII pays approximately $10,000 per month to Paycom for the payroll services. As of the Petition Date, LII owes approximately $0 on account of payroll fees to Paycom.

      b.    For LII's Canadian operations: LII's Canadian operations pay approximately $600 per month to ADP for payroll services.  As of the Petition Date, LII owes approximately $0 on account of payroll fees to ADP.

      c.    For LII's European operations: LII's European operations pay approximately $500 per month to ADP for payroll services.  As of the Petition Date, LII owes approximately $0 on account of payroll fees to ADP.

13.     It is critically important that the Debtors be able to continue to compensate their employees on the historical payroll schedule, and this requires the services of Paycom and ADP.

14.     As of the Petition Date, LII's U.S. operations, LII's Canadian operations, and LMG have a payroll due on February 2, 2018, covers the pay period of January 15, 2018 to January 28, 2018.  The approximate amount of accrued and unpaid wages earned prior to the Petition Dates is as follows:

      a.      $430,000 for LII's U.S. operations

      b.      $50,000 for LMG

15.     In order to ensure that the third party service providers are in receipt of the funds necessary to fund the February 2, 2018 payroll, LII must transfer the funds to account its various accounts for such payrolls on January 31, 2018.  None of the amounts owed to Debtors' Wage Employees during the prepetition period exceed the statutory cap.

16.     As of the Petition Date, the LII owes a weekly payment of approximately $16,000 to its Independent Contractors on January 26, 2018.  None of the amounts owed to the Debtors' Independent Contractors during the prepetition period exceed the statutory cap.

**B.     Employee Benefits**

17.     In the ordinary course of business, the Debtors make various benefit plans available to their Wage Employees, including: (a) paid time off, including holidays, vacation days, and jury duty leave; (b) medical, dental, and prescription drug benefits; (c) severance benefits; and (d) miscellaneous benefits.

18.     Wage Employees accrue paid time off and related benefits.  These include vacation days and holidays.  Wage Employees accrue vacation days throughout the year, with the number of vacation days based upon an employee's years of industry experience or in accordance with their employment agreements.  Wage Employees may use vacation days at their discretion.  Wage Employees may carry over 240 hours of vacation to the next year.  In the event a Wage Employee is terminated other than for cause, it has been the Debtors' practice to pay the

5

Wage Employee for accrued but unused vacation days at the Wage Employee's base compensation rate, or as required by law.

19.     The Debtors recognize nine holidays as a paid time-off benefit for their employees.  Wage Employees are not entitled to cash payments for holidays.  Thus, the Debtors do not believe there are any obligations owing as of the Petition Date on account of holidays.

20.     The Debtors provide medical, dental, prescription drug plans, life insurance, ADD, and vision insurance (the "Health Insurance Programs"), and workers' compensation benefits.  Wage employees are covered under the Debtors' medical and prescription drug plans, which are administered by Blue Cross Blue Shield and the Debtors' life insurance, ADD and vision insurance plan, which are administered by Dearborn National.  Wage Employees are also covered under the Debtors' dental plan, which is administered by Guardian.  Both the medical plan and the dental plan are fully-insured plans.

21.     The Debtors pay approximately $170,000 per month in the aggregate on account of their Health Insurance Programs.  As of the Petition Dates, the Debtors estimate that approximately $191,160.14 is accrued and outstanding on account of the Health Insurance Programs, all of which will become due within the first 21 days of these chapter 11 cases.  The Debtors seek authority to pay in a manner consistent with historical practice any unpaid amounts on account of the Health Insurance Programs and to continue administering the Health Insurance Programs in the ordinary course of business and consistent with past practice.

22.     The Debtors provide workers' compensation insurance for their Wage Employees as required by applicable law.  To the extent the Debtors owe any prepetition amounts on account of the administration fees under this program, they hereby seek authority to pay such amounts in the ordinary course.  The Debtors also do not believe that they currently have any workers' compensation claims outstanding.

6

### C.    Reimbursable Expenses

23.    In the ordinary course of business, the Debtors reimburse employees for certain expenses, including, airfare, car rental, lodging, cellular telephones, and meal expenses, incurred in performing their employment duties, government application fees, and internet fees.   The majority of reimbursable expenses are paid directly by the employees.   The Debtors pay approximately $15,000 per month on account of reimbursable expenses.   Based on historical practice, the Debtors estimate roughly that, as of the Petition Date, Wage Employees were owed approximately $12,000, or roughly one month of unpaid reimbursable expenses (including reimbursable expenses for which employees have not yet requested reimbursement).   Wage Employees have incurred reimbursable expenses as business expenses on the Debtors' behalf and with the understanding that the Debtors would reimburse them.

24.    Employees have incurred reimbursable expenses as business expenses on the Debtors' behalf and with the understanding that the Debtors would reimburse them. Accordingly, to avoid harming employees who incurred reimbursable expenses, and who may become personally liable for such expenses reasonably incurred at the Debtors' direction, the Debtors request that the Court to approve payments made to either the Wage Employees or to the applicable credit card company on account of any reimbursable expenses that accrued prepetition and were incurred in the ordinary course of business in furtherance of the Debtors' business. The Debtors also requests that the Court allow the Debtors to continue reimbursing employees for reimbursable expenses in accordance with past practice and in the ordinary course of business.

## RELIEF REQUESTED

25.     The Debtors seek entry of orders, substantially in the forms attached hereto as Exhibit "A" and Exhibit "B" (respectively, the "Interim Order" and "Final Order"): (a) authorizing the Debtors to pay prepetition wages, salaries, employees benefits, and other compensation; (b) maintain employee benefit programs; (c) directing financial institutions to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests related thereto; and (d) granting related relief. In addition, the Debtors request that the Court schedule a final hearing to consider approval of this Motion on a final basis.

## ARGUMENTS AND AUTHORITIES

**A.      Employee Compensation and Benefits Are Entitled to Priority Treatment**

26.     The Debtors believe that the amounts covered by this Motion are entitled to priority claim status under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

27.     Section 507(a)(4) of the Bankruptcy Code grants employees priority claims under the following circumstance(s):

> [A]llowed unsecured claims, but only to the extent of $12,850 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—
>
> (A)     wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
> ....

11 U.S.C. § 507(a)(4).  Likewise, under section 507(a)(5) of the Bankruptcy Code, employees are granted a priority claim under the following circumstance(s):

> …allowed unsecured claims for contributions to an employee benefit plan—

(A)  arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B)  for each such plan, to the extent of —

(i)  the number of employees covered by each such plan multiplied by $12,850; less

(ii)  the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(5).

28.  For the Wage Employees, no individual's pay exceeds the priority cap established by the Bankruptcy Code.

29.  As such, these claims would be entitled to payment in full under any chapter 11 plan. Authorizing the Debtors to make these payments at this time will affect only the timing of such payments.

**B.  Payment of Employee Compensation and Benefits Is Proper Pursuant to Section 363(b) of the Bankruptcy Code**

30.  To the extent that such claims are not entitled to priority claim status, their payment is justified under the "doctrine of necessity." *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). In so justifying, courts have used section 105(a) of the Bankruptcy Code, which codifies the equitable powers of bankruptcy courts, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" to authorize the postpetition payment of employee claims like those noted herein to preserve a debtor's going-concern value. *See Mich. Bureau of Workers' Disability Comp. v. Chateaugay (In re Chateaugay Corp.)*, 80 B.R. 279, 285-87 (S.D.N.Y. 1987) (finding that a court's equitable powers include authorizing a debtor to pay prepetition debts); *CoServ*, 273 B.R. at 483 (implying

9

that a bankruptcy court may authorize early payment of prepetition claims accorded priority treatment).  As such, a bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *Miltenberger v. Logansport, C. & S.W. R. Co.*, 106 U.S. 286, 311 (1882)).

31.     The bankruptcy court's exercise of its authority under the "doctrine of necessity" is appropriate to carry out specific provisions of chapter 11 – sections 1107(a), 1108, and 363(b)(l) of the Bankruptcy Code – that authorize a debtor in possession to maintain and operate its business and use estate property outside of the ordinary course of business.  Indeed, a debtor in possession operating a business under section 1108 of the Bankruptcy Code has a duty to protect and to preserve the going concern value of an operating business, and prepetition claims may be paid if necessary to perform the debtor's duty.  *See CoServ*, 273 B.R. at 497 ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim"). A bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is also appropriate to carry out two central policies underlying chapter 11: (a) to permit the successful rehabilitation of the debtor and (b) to preserve going-concern value and maximize property available to satisfy all creditors.

32.     The relief sought herein is essential to maximize value to the Debtors' estates. Here, to achieve success, it is critical that the employees be paid without interruption and that the Debtors continue to honor their existing practices and policies for the pecuniary benefit of the employees.  Such payments are necessary to prevent irreparable harm to the morale of the employees at the very time when their dedication, confidence, and cooperation are vital to these chapter 11 cases.  In addition, the Debtors will not pay any amount (as requested herein) in excess of the priority caps in §§ 507(a)(4) and (5).

C.      **Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers**

33.     The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of cash on hand and expected cash flows from ongoing business operations (through the anticipated use of cash collateral).   In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of employee compensation and benefits.   Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently.   Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## EMERGENCY CONSIDERATION

34.     In accordance with Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."   Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.   Further, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.   Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

11

## REQUEST FOR WAIVER OF STAY

35.     The Debtors seek a waiver of any stay of any order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[an] order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h).  As noted above, the immediate payment of all amounts identified in this Motion is essential to prevent potentially irreparable damage to the Debtors' operations and value.  Accordingly, the Debtors submit that cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), if it even applies.

## NOTICE

36.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Wells Fargo as administrative agent under the Debtors' credit agreement; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

37.     No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Orders granting the relief requested herein and grant such other and further relief as may be just and proper.

[*remainder of page intentionally left blank*]

Respectfully submitted this 24th day of January, 2018.

**GRAY REED & McGRAW LLP**

By:  _/s/ Jason S. Brookner_
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:     jbrookner@grayreed.com

-and-

    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:     lwebb@grayreed.com

**PROPOSED COUNSEL TO THE DEBTORS**

**CERTIFICATE OF SERVICE**

    I do hereby certify that on January 24, 2018 a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case and on the parties appearing on the attached Limited Service List via first class U.S. mail, postage prepaid.

        _/s/ Jason S. Brookner_
        Jason S. Brookner

13



## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*, | § § | Case No. 18-30197 (DRJ) |
| Debtors.[1] | § § § | Joint Administration Requested |
| | § § | |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS, AND (II) DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND TO HONOR ALL FUND TRANSFER REQUESTS RELATED THERETO**
**[Relates to Dkt. No. __]**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) pay prepetition wages, salaries, employees benefits, and other compensation; and (ii) maintain employee benefit programs; (b) directing financial institutions to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests related thereto;  (c) granting related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

[2] Capitalized terms used but not otherwise defined shall have the meanings set forth to them in the Motion.

1



EXHIBIT
A

the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"), it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2018 at __:__ .m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 5:00 p.m., prevailing Central Time, on _____, 2018. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.      The Debtors are authorized to continue and/or modify, change, discontinue the employee compensation and benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law; *provided* that, pending entry of the Final Order, the Debtors shall not honor any employee compensation and benefits obligations that exceed the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code.  For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of employee compensation and benefits that are outside the ordinary course of business without court approval.

2

4.      The Debtors are authorized in their discretion, to pay and honor prepetition amounts related to the employee compensation and benefits programs.

5.      Notwithstanding the relief granted in this Interim Order and any action taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (e) a waiver of any claims or causes of action which may exist against any entity.

6.      The banks and financial institutions on which checks are drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7.      The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any employee compensation and benefits.

8.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all maters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____, 2018                    _____
Houston, Texas                            DAVID R. JONES
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE

4

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**



| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*, | § |
| | § Case No. 18-30197 (DRJ) |
| Debtors.[1] | § |
| | § Joint Administration Requested |
| | § |
| | § |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES,
SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND (B)
MAINTAIN EMPLOYEE BENEFIT PROGRAMS, AND (II) DIRECTING FINANCIAL
INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS
PRESENTED FOR PAYMENT AND TO HONOR ALL FUND TRANSFER
<u>REQUESTS RELATED THERETO</u>
[Relates to Dkt. No. __]**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for an entry of a final order (this "<u>Final Order</u>"), (a) authorizing the Debtors' to (i) pay prepetition wages, salaries, employees benefits, and other compensation; and (ii) maintain employee benefit programs; (b) directing financial institutions to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests related thereto; (c) granting related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).
[2] Capitalized terms used but not otherwise defined shall have the meanings set forth to them in the Motion.

1


EXHIBIT
**B**

the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"), it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to continue and/or modify, change, discontinue the employee compensation and benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law.  For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of employee compensation and benefits that are outside the ordinary course of business without court approval.

3.      The Debtors are authorized in their discretion, to pay and honor prepetition amounts related to the employee compensation and benefits programs.

4.      Notwithstanding the relief granted in this Final Order and any action taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an admission as to the validity,

2

enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (e) a waiver of any claims or causes of action which may exist against any entity.

5.       The banks and financial institutions on which checks are drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6.       The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any employee compensation and benefits.

7.       The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

9.       Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.      This Court retains exclusive jurisdiction with respect to all maters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

3

Dated: _____, 2018
Houston, Texas
                                _____

                                DAVID R. JONES
                                CHIEF UNITED STATES BANKRUPTCY JUDGE

4