


ENTERED
02/04/2018

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § | |
| | § | Case No. 18-30197 (DRJ) |
| Debtors. | § | |
| | § | Jointly Administered |
| | § | |
| | § | |

**INTERIM ORDER AUTHORIZING USE OF CASH, APPROVING BUDGET, GRANTING REPLACEMENT LIENS, AND SETTING FINAL HEARING**
**[Relates to Dkt. No. 14]**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors"),[2] for *Interim and Final Orders (A) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1* [Docket No. 14]; and upon the *Notice of Non-Consent to Unauthorized Use of Cash Collateral or Disposition of Collateral* [Docket No. 13] filed by Wells Fargo Bank, National Association, as Administrative Agent; and upon the record of the two hearings conducted on the Motion on January 25, 2018 and January 29, 2018 (together, the "Hearings"), and the representations of counsel made on the record at the Hearings,

**THE COURT HEREBY FINDS:**

A. On January 18, 2018 and January 24, 2018, (the "Petition Dates"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); LMG Manufacturing, Inc. (9468); Lockwood Enterprises, Inc. (6504); and 7807 Eagle Lane, LLC (7382).

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

operating their businesses and managing their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code in these jointly administered cases. No trustee, examiner or official committee has been appointed.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The nature of the Debtors' businesses is the distribution of pipes, valves, and fittings, primarily to customers in the oil and gas industry.

D. Without access to Cash Collateral, the Debtors will not be able to pay operating expenses and obtain goods, services, or equipment needed to complete existing orders and carry on its distribution business. The ability to use Cash Collateral, in accordance with a budget approved by this Court, is vital to the confidence of the Debtors' vendors and providers of the goods and services essential to the Debtors' operations, and to the preservation and maintenance of the ongoing concern value of the Debtors' estates.

E. Subject to the Debtors' investigation of lien perfection and claims, substantially all of the Debtors' assets appear to be subject to the pre-petition liens of the Lenders, including liens on Cash Collateral (as defined under 11 U.S.C. § 363(a))—including, but not limited to, accounts, general intangibles, instruments, monies, and payments.

F. Without the use of this Cash Collateral, the Debtors do not have sufficient available working capital with which to service and fill PVF orders from their customers, the core of the Debtors' business.

G. The Debtors have shown that they are providing Adequate Protection to the Lenders for the use of Cash Collateral only as it pertains to the expenditures set forth in the Interim Budget (defined hereafter), as set forth more fully in the Motion and below.

H. This Court finds and concludes that entry of this Order is in the best interests of the Debtors, the estates and all creditors, as its implementation will, among other things, allow for the uninterrupted operation the Debtors' existing distribution business and completion of orders.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Debtors are hereby authorized to use Cash Collateral subject to the protections and considerations described in this Order in the amounts and for the expenses set forth on the budget annexed hereto as Exhibit "1" (the "Interim Budget") not to exceed 110% of the aggregate amount thereof. For the avoidance of doubt, the adequate protection provided to the Lenders, as set forth herein, shall cover and include the $18,000 in prepetition wages that the Court ordered and authorized on the record on January 25, 2018 and pursuant to the Order entered at Docket No. 34 in these cases. With respect to the Interim Budget, the Debtors' payment of the 2017 *ad valorem* real property taxes and personal property taxes, and insurance premium payments, shall be made from the $2.15 million in insurance proceeds, with the balance being used for general Interim Budget purposes, as set forth in the Interim Budget.

2. The Lenders shall have a security interest in the Debtors' post-petition assets with the same nature, extent, priority, and validity as the pre-petition security interests held by the Lenders.

3. The Lenders are hereby granted, from and after the Petition Dates, replacement liens and security interests in all accounts and inventory acquired by the Debtors after the Petition Dates, specifically including all cash proceeds arising from such accounts and inventory acquired by the Debtors after the Petition Dates, in addition to the proceeds, products, offspring, or profits of any collateral or Cash Collateral in which the Lenders have a pre- or post-petition

interest, in the same nature, extent, priority, and validity that any such liens asserted by the Lenders existed on the Petition Dates.

4. As of the Petition Dates, said replacement liens and security interests granted to the Lenders shall be valid, perfected, enforceable and effective against the Debtors, their successors and assigns, including any trustee or receiver in these or any superseding chapter 7 cases, without any further action by Debtors or the Lenders and without the execution, delivery, filing or recordation of any promissory notes, financing statements, security agreements or other documents. Notwithstanding the foregoing, this Interim Order shall be deemed a security agreement and may be filed as a financing statement and the Debtors shall execute and deliver such notes, security agreements, assignments, financing statements and other documents that the Lenders shall reasonably request to further evidence the liens and security interests granted hereby.

5. The Lenders shall have all the rights and remedies of a secured creditor in connection with the liens and security interests granted by this Order in all collateral, except to the extent that such rights and remedies may be affected by the Bankruptcy Code.

6. Notwithstanding anything to the contrary herein, this Order is without prejudice to, and shall not limit, release, or impair, the rights of any party to (i) contest the extent, validity, or priority of (A) the pre-petition indebtedness owed to the Lenders or (B) any alleged pre-petition liens securing such indebtedness, including but not limited to the Lenders' asserted liens on the Cash Collateral or (ii) investigate and commence potential claims and causes of action against the Lenders arising from their prepetition conduct and actions.

7. The replacement liens granted herein shall not prime or subordinate any valid pre-petition ad valorem tax liens held by a government entity incident to any real property or tangible personal property of the Debtors, if any such liens exist.

8. All customers of the Debtors and other parties making payments of any kind to the Debtors for any period of time, are directed to, and shall, remit all such payments to Account No. xxxxx1933 at Wells Fargo Bank, National Association, 1 S. Broad St. MAC 1375-084, 8th Floor, Philadelphia, PA 19107, Attn: Rowena Overton. The Debtors are authorized to send a written communication to their vendors directing the payment of all amounts owing to the account set forth above, and may enclose a copy of this Order with such communication.

9. Neither, the Debtors, Wells Fargo or any other party may offset any prepetition amounts owing against any other prepetition amounts, or inventory, absent agreement of the parties and further Order of this Court.

10. The Debtors may, but are not required to, in the exercise of their business judgment, pay cash on delivery for goods and services; *provided, however*, that absent the agreement of Wells Fargo (which shall not be unreasonably withheld) or an Order from this Court, the Debtors may not pay cash in advance or make advance deposits for goods and services to be provided to the Debtors.

11. The Debtors and Wells Fargo shall work together to determine how – if at all and if practicable – to repatriate cash held in any of the Debtors' bank accounts outside of the United States and how, on a going forward basis, those accounts will be funded so that the Debtors foreign operations may continue unaffected in the ordinary course and are not impaired. Pending such determination and implementation, the Debtors shall account to Wells Fargo for any cash coming into and out of their bank accounts outside of the United States.

12. The Debtors shall account to Wells Fargo for any cash that has come into and out of, or that may come into and out of, the BofA account from the time of its establishment until it is either closed or becomes a debtor in possession bank account.

13. No later than the date that is 21 days from the date of this Order, the Debtors shall inform Wells Fargo of their intent to reject any unexpired leases. This date may be extended by agreement of the Debtors and Wells Fargo without any further Order of the Court.

14. For the avoidance of doubt, nothing in this Order shall impair or affect Wells Fargo's pre-petition rights against non-Debtor third parties, or Wells Fargo's right to object to entry of a final order granting the Motion at or prior to any final hearing on the Motion, all such rights being expressly preserved hereby.

15. The provisions of this Order shall be binding upon and inure to the benefit of the Lenders and the Debtors. However, nothing herein shall prevent the Debtors or the Lenders from seeking any other form of relief under the Bankruptcy Code.

16. The Court will conduct a further hearing on the Motion on February 7, 2018 at 11:00 a.m. prevailing Central Time (the "Further Hearing"). The Debtors are directed to, by no later than three business days following entry of this Interim Order, serve, via United States Mail, postage pre-paid, a copy of the Interim Order and a notice of the Further Hearing on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) Wells Fargo, directly or through their counsel, if any, (iii) any statutory committee of unsecured creditors appointed in the Debtors' chapter 11 cases, and (iv) those parties that have filed a notice of appearance requesting notice, which service shall constitute adequate and proper notice of the hearing.

**Signed: February 04, 2018.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**Lockwood Holdings Inc., et al.**

**Projected Results of Operations and Cash Flows**

*1/28/17 thru 2/11/17*

***Cash Flow Summary***

*In Thousands of Dollars*

| *Week ----->* | *1* | *2* | *3* | |
|---|---|---|---|---|
| | **28-Jan** | **4-Feb** | **11-Feb** | **TOTAL** |
| **Receipts** | | | | |
| Customer Payments | - | 3,500.0 | 5,000.0 | 8,500.0 |
| Insurance Proceeds | - | 2,150.0 | - | 2,150.0 |
| Other Cash Receipts | - | - | - | - |
| ***Total Receipts*** | ***$ -*** | ***$ 5,650.0*** | ***$ 5,000.0*** | ***$ 10,650.0*** |
| **Operating Disbursements** | | | | |
| Inventory Purchases | - | 2,500.0 | 2,500.0 | 5,000.0 |
| Payroll & Taxes | 18.0 | 614.2 | - | 632.2 |
| Health & Benefits | - | 216.4 | - | 216.4 |
| Contract & Temp Labor | - | 19.5 | 16.0 | 35.5 |
| Rent | - | 183.4 | - | 183.4 |
| Property Taxes | - | 1,486.3 | - | |
| Utilities | - | 10.7 | - | 10.7 |
| Truck & Equipment Rental | - | 11.5 | - | 11.5 |
| Maintenance, Repairs & Fuel | - | 10.0 | - | |
| Supplies | - | 11.5 | - | 11.5 |
| Freight | - | 279.1 | - | 279.1 |
| Travel & Entertainment | - | - | - | - |
| IT Costs | - | - | - | - |
| Sales Tax | - | - | - | - |
| Canadian Taxes | - | - | - | |
| Insurance Premiums | - | 200.0 | - | |
| Legal & Professional | | | | |
| G&A - General | | | | - |
| ***Total Operating Disbursements*** | ***$ 18.0*** | ***$ 5,542.5*** | ***$ 2,516.0*** | ***$ 6,380.2*** |
| **Operating Cash Flow** | **$ (18.0)** | **$ 107.5** | **$ 2,484.0** | |
| ***Accumulated*** | *(18.0)* | *89.5* | *2,573.5* | |
| **Other (Sources)/ Uses** | | | | |
| Equipment Leases | | | | - |
| Capital Expenditures | | | | - |
| Restructuring Costs | | | | - |
| Restructuring Professionals | | | | - |
| US Trustee | | | | - |
| Income & Franchise Taxes | | | | - |
| ***Total Other (Sources)/ Uses*** | ***$ -*** | ***$ -*** | ***$ -*** | ***$ -*** |
| **Net Cash Flow** | **$ (18.0)** | **$ 107.5** | **$ 2,484.0** | |
| ***Accumulated*** | *(18.0)* | *89.5* | *2,573.5* | |

| | Opening | | | | Change |
|---|---|---|---|---|---|
| **Ending Book Cash Balance** | **$ 1,420.9** | **$1,402.9** | **$ 1,510.4** | **$ 3,994.4** | **$ 2,573.5** |

EXHIBIT 1