IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 18-30197(DRJ) |
| | § | |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

**WELL FARGO EQUIPMENT FINANCE, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON MARCH 5, 2018 AT 2:00 P.M. IN COURTROOM 400 AT THE UNITED STATES COURTHOUSE, 515 RUSK STREET, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE DAVID R. JONES, CHIEF U.S. BANKRUPTCY JUDGE:

Wells Fargo Equipment Finance, Inc. ("WFEF") files this *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (the "Motion") in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), and respectfully states the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and, 7807 Eagle Lane, LLC (7382).

## JURISDICTION

1. This Court has jurisdiction to consider the relief requested in this Motion under 28 U.S.C. § 1334(b) and the standing order of reference of the District Court. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). The statutory predicates for relief are 11 U.S.C. § 362(d)(1) and (d)(2), and Rules 4001(a)(1) and (a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## OVERVIEW OF MOTION[2]

2. This Court should grant WFEF relief from the automatic stay pursuant to Section 362(d)(1) and (d)(2) of the Bankruptcy Code. Cause for stay relief exists under Section 362(d)(1) because Debtor Aviation (defined hereafter) abandoned the Aircraft Collateral prepetition and has not agreed to provide WFEF with adequate protection and the Aircraft Collateral remains subject to an ever-increasing risk of diminution in value in its current state. Further, Section 362(d)(2) entitles WFEF to relief from the automatic stay because Aviation has no equity in the Aircraft Collateral, and the Aircraft Collateral is not necessary for Aviation's reorganization. As such, this Court should terminate the automatic stay with respect to WFEF's interest in the Aircraft Collateral so as to permit WFEF to exercise its rights and remedies against the Aircraft Collateral available under the Loan Documents and applicable law.

## FACTUAL AND PROCEDURAL BACKGROUND

3. On January 18, 2018 (the "First Petition Date"), Lockwood Holdings, Inc. ("Holdings"), Piping Components, Inc. ("Piping"), and LH Aviation, LLC ("Aviation" with Holdings and Piping, the "January 18 Debtors") each filed with this Court a petition for relief

---

[2] Certain capitalized, undefined terms appearing in the Overview of Motion are defined later in the Motion. Also, all references to the "Bankruptcy Code" shall mean Title 11 of the United States Code.

under Chapter 11 of the Bankruptcy Code. On January 24, 2018 (the "Second Petition Date," and together with the First Petition Date, collectively, the "Petition Dates"), Lockwood International, Inc. ("LII"), Lockwood Enterprises, Inc. ("Enterprises"), LMG Manufacturing, Inc. ("LMG"), and 7807 Eagle Lane, LLC ("Eagle Lane") each filed with this Court a petition for relief under Chapter 11 of the Bankruptcy Code. LII, Enterprises, LMG, and Eagle Lane are collectively referred to herein as the "January 24 Debtors." The January 18 Debtors and the January 24 Debtors are collectively referred to herein as the "Debtors."

4. The Debtors remain in possession of their assets and continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Prior to, on, and after the Petition Date, the Debtors have received and collected, and continue to receive and collect, issues, proceeds, profits, and accounts receivable (collectively, the "Revenues") generated by and arising from the operation of the businesses.

5. On January 23, 2018, this Court entered its *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 7]. On January 25, 2018, this Court entered its *Second Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 20].

6. Prior to the Petition Dates, on February 2, 2016, Aviation executed several documents (the "Loan Documents") as part of a lending transaction involving Aviation as the borrower and WFEF as the secured lender, including:

> (i) that certain Promissory Note dated as of February 2, 2016, executed by Aviation and made payable to WFEF (the "Note");[3]
>
> (ii) that certain Aircraft Mortgage and Security Agreement (the "Mortgage"), executed by Aviation and WFEF, dated as of February 2, 2016, granting WFEF liens on, among other things: (1) Aviation's Embraer model EMB-550 aircraft bearing serial number 55000007 and

---

[3] A true and correct copy of the Note is attached hereto as **Exhibit A** and incorporated herein for all purposes.

        United States registration number N424ML; (2) two Honeywell model AS907-3-1E aircraft engines bearing serial numbers P131125 and P131124; and, (3) the ancillary, related parts pertaining to the foregoing (collectively, the "Aircraft Collateral");[4]

(iii)    that certain the Term Loan Agreement (the "Loan Agreement") dated as of February 2, 2016, and executed by Aviation, as Borrower, and WFEF, as Lender;[5]

(iv)    that certain Assignment of Leases, Rents and Profits executed by Aviation for the benefit of WFEF, dated as of February 2, 2016 (the "Assignment of Leases");[6]

(v)    that certain Collateral Assignment of Engine Maintenance Service Plan executed by Aviation for the benefit of WFEF, dated as of February 2, 2016 (the "Assignment of Engine Service");[7] and,

(vi)    that certain Collateral Assignment of APU Maintenance Service Plan executed by Aviation for the benefit of WFEF, dated as of February 2, 2016 (the "Assignment of APU Service").[8]

collectively, the "First Loan Documents").

7.    Also on February 2, 2016, LII, Enterprises, and Michael F. Lockwood executed the Guaranty (the "Guaranty"), which unconditionally guarantees the full and prompt payment of all sums due and owing under the Note.

8.    On January 19, 2017, WFEF sent Aviation a notice of default under the Note and Loan Agreement (the "First Notice of Default"), stating that: (i) certain Events of Default continued; and, (ii) WFEF reserved its rights under the First Loan Documents.

---

[4] A true and correct copy of the Mortgage is attached hereto as **Exhibit B** and incorporated herein for all purposes.

[5] A true and correct copy of the Loan Agreement is attached as hereto as **Exhibit C** and incorporated herein for all purposes.

[6] A true and correct copy of the Assignment of Leases is attached as hereto as **Exhibit D** and incorporated herein for all purposes.

[7] A true and correct copy of the Assignment of Engine Service is attached as hereto as **Exhibit E** and incorporated herein for all purposes.

[8] A true and correct copy of the Assignment of APU Service is attached as hereto as **Exhibit F** and incorporated herein for all purposes.

9. On February 16, 2017, WFEF sent Aviation a second notice of default under the Note and Loan Agreement (the "Second Notice of Default"), stating that: (i) certain Events of Default continued; and, (ii) WFEF reserved its rights under the First Loan Documents.

10. On February 27, 2017, after negotiations between WFEF and Aviation regarding an Event of Default under the Note and Loan Agreement, Aviation and WFEF executed: (i) that certain First Modification to Promissory Note (the "First Amended Note");[9] and, (ii) that certain First Amendment to Term Loan Agreement.[10]

11. On September 6, 2017, after further negotiations between WFEF and Aviation regarding anticipated shortfalls in Aviation's ability to perform under the First Amended Note for the month of August 2017, Aviation and WFEF executed: (i) that certain Second Modification to Promissory Note (the "Second Amended Note");[11] and, (ii) the Second Amendment to Term Loan Agreement.[12] These documents permitted Aviation to defer $250,000.00 of the August 2, 2017 monthly payment until November 2, 2017.

12. On October 7, 2017, WFEF sent Aviation a third notice of default under the Loan Documents (the "Third Notice of Default"), stating that: (i) certain Events of Default continued; and, (b) WFEF reserves its rights under the Loan Documents.

---

[9] A true and correct copy of the First Amended Note is attached hereto as **Exhibit G** and incorporated herein for all purposes.

[10] A true and correct copy of the First Amendment to Term Loan Agreement is attached hereto as **Exhibit H** and incorporated herein for all purposes.

[11] A true and correct copy of the Second Amended Note is attached hereto as **Exhibit I** and incorporated herein for all purposes.

[12] A true and correct copy of the Second Amendment to Term Loan Agreement is attached hereto as **Exhibit J** and incorporated herein for all purposes. The First Loan Documents, the First Amended Note, the First Amendment to Term Loan Agreement, the Second Amended Note, and the Second Amendment to Term Loan Agreement are hereinafter collectively referred to as the "Loan Documents.").

13. On November 27, 2017, WFEF, through its counsel, sent Aviation a notice of acceleration (the "Notice of Acceleration"), citing uncured Events of Default, namely a payment default in the amount of $627,886.16.

## BASIS FOR RELIEF

14. WFEF is entitled to relief from the automatic stay with respect to the Aircraft Collateral under two separate provisions of the Bankruptcy Code: Section 362(d)(1) and Section 362(d)(2).

### I. Relief from the Automatic Stay under Section 362(d)(1) of the Bankruptcy Code for Cause

15. Section 362(d)(1) of the Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause, including the lack of adequate protection."[13] Because neither the Bankruptcy Code nor the legislative history provides a specific definition of what constitutes "cause" under § 362(d)(1), courts must determine whether relief is appropriate on a case-by-case basis.[14] The "cause" necessary to warrant relief from the automatic stay is an intentionally broad and flexible concept that allows courts to respond in equity to inherently fact-sensitive situations.[15] Courts have "wide latitude in crafting relief from the automatic stay."[16] Ultimately, the decision is left to the sound discretion of the bankruptcy court.[17] Cause to terminate the stay may exist where "the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors."[18]

---

[13] 11 U.S.C. § 362(d)(1).

[14] *Reitnauer v. Tex. Exotic Feline Found., Inc.* (*In re Reitnauer*), 152 F.3d 341, 343 n.4 (5th Cir. 1998).

[15] *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).

[16] *Fjeldsted v. Lien* (*In re Fjeldsted*), 293 B.R. 12, 21 (B.A.P. 9th Cir. 2003).

[17] *Aheong v. Mellon Mortgage Co.* (*In re Aheong*), 276 B.R. 233, 250 (B.A.P. 9th Cir. 2002) (quoting *Mataya v. Kissinger* (*In re Kissinger*), 72 F.3d 107, 109 (9th Cir. 1995)).

[18] *In re Murray*, 193 B.R. 20, 22 (Bankr. E.D. Cal. 1996).

A. **<u>Inability to Provide Adequate Protection</u>**

16. It is undisputed that WFEF has secured interests entitled to adequate protection in these Bankruptcy Cases. Aviation bears the burden of establishing that WFEF is adequately protected against any diminution in value to its Aircraft Collateral as required under Sections 361, 362, and 363 of the Bankruptcy Code.[19]

17. A debtor's failure to: (i) maintain a secured creditor's collateral in a state of general repair; or, (ii) maintain insurance coverage for the creditor's collateral constitutes a lack of adequate protection and cause for relief from the automatic stay.[20] Similarly, the threat of diminution in value to a creditor's collateral can constitute cause for stay relief.[21] Where a creditor can provide evidence of lack of adequate protection, that creditor is entitled to relief from the automatic stay for cause.[22] Here, Aviation has abandoned the Aircraft Collateral and refuses to expend funds necessary to properly maintain the Aircraft Collateral upon its return to service. Indeed, the Debtors' Cash Collateral Budget (as defined at Docket No. 14) includes no allocation of funds to provide for maintenance of the Aircraft Collateral.

18. As such, the Aircraft Collateral is destined to sit idle and waste away during the course of these Bankruptcy Cases, thereby needlessly diminishing WFEF's security interests.

---

[19] *See* 11 U.S.C. §§ 361, 362(g)(2), 363(p)(1). *See also In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994) ("Once the movant [under a motion for relief from the automatic stay] satisfies this initial burden [of showing a decline or threat of a decline in the value of collateral], the burden shifts to the debtor to go forward with evidence, and ultimately, to prove that the collateral is not declining in value, or that the secured party is adequately protected . . . ").

[20] *See Elmira Litho*, 174 B.R. at 902 n. 9; *Planned Sys.*, 78 B.R. at 859 n.7.

[21] *See In re Planned Sys., Inc.*, 78 B.R. 852, 859 n. 7 (Bankr. S.D. Ohio 1987) ("Accordingly, some evidence of cause, such as facts evincing a lack of adequate protection (*e.g.*, a decrease in the value of the collateral, lack of proper maintenance of the collateral, non-payment of taxes, lack of insurance coverage for the collateral, etc.) must be produced by the moving party if the prima facie case requirement is to be satisfied."); *Elmira Litho*, 174 B.R. at 902 n. 9 ("[T]he secured creditor lacks adequate protection if the value of its collateral is declining as a result of the stay. It must, therefore, prove this decline in value — or the threat of a decline [note 9: Such 'threats' include the failure to maintain property insurance or the failure to keep the property in a good state of repair.]").

[22] *See Planned Sys.* at 867 ("Based upon the foregoing, the Court finds that KMG's interest in the equipment lacks adequate protection and, thus, cause exists under § 362(d) to order relief from stay.").

---

Given the foregoing, this Court must terminate the automatic stay as it pertains to WFEF's interests in the Aircraft Collateral so that WFEF may exercise its rights and remedies with respect to the Aircraft Collateral and maximize the value of the same.

## II. Relief from the Automatic Stay under Section 362(d)(2) of the Bankruptcy Code for Lack of (i) Equity; and, (ii) Necessity for Reorganization

19. Section 362(d)(2) of the Bankruptcy Code provides that a court "shall" grant relief from the automatic stay if: (i) the debtor does not have equity in the subject property; and, (ii) such property is not necessary to an effective reorganization. Because both prongs of Section 362(d)(2) are satisfied with respect to Aviation and the Aircraft Collateral, the automatic stay should be terminated as to WFEF's interests in the Aircraft Collateral.

### A. Lack of Equity in the Aircraft Collateral

20. To determine whether a debtor holds equity in property, a court must compare the value of the liens secured by the property and the estimated value of the property. In the Fifth Circuit, bankruptcy courts "consider [the] liquidation value of collateral — *i.e.* what the creditor may realize on disposition of the collateral."[23] As the Aircraft Collateral consists of depreciable assets, and because the Aircraft Collateral is pledged as security for debts owed by certain of the co-Debtors in these Bankruptcy Cases, it is undisputed that Aviation lacks equity in the Aircraft Collateral.

### B. The Aircraft Collateral Is Not Necessary for an Effective Reorganization

21. A debtor bears the burden of proof on whether the disputed property is necessary for an effective reorganization.[24] For a debtor to carry its burden, it must demonstrate a

---

[23] *In re FRE Real Estate, Inc.*, 450 B.R. 619, 628 (Bankr. N.D. Tex. 2011).

[24] 11 U.S.C. § 362(g); *In re W.B.S.S., LP*, 366 B.R. 629, 632 (Bankr. E.D. Tex. 2007) (stating that debtors bear the burden on all issues except for whether equity exists in the property that is the subject of a Motion for Relief from Stay); *see also In re Canal Place Ltd. P'Ship*, 921 F.2d 569, 576 (5th Cir. 1991) (same).

"reasonable possibility of a successful reorganization within a reasonable time."[25]  In this instance, Aviation has already abandoned the Aircraft Collateral and refuses to maintain the same.  As such, Aviation has admitted that the Aircraft Collateral has no potential role in any reorganization of these estates.  Therefore, because Aviation has no equity in the Aircraft Collateral and the Aircraft Collateral is not necessary for an effective reorganization, this Court should grant WFEF relief from the automatic stay under Section 362(d)(2) of the Bankruptcy Code with respect to its interests in the Aircraft Collateral.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3) STAY

22.     Cause exists to lift the fourteen-day stay of Bankruptcy Rule 4001(a)(3). Removing the fourteen-day stay is an appropriate remedy to allow WFEF to immediately exercise its rights and remedies against the Aircraft Collateral, including, without limitation, taking possession of and liquidating the Aircraft Collateral so as to prevent further diminution of WFEF's interests.

## RESERVATION OF RIGHTS

23.     WFEF reserves all rights under the Loan Documents, the Bankruptcy Code, and other applicable law with respect to, without limitation, the Aircraft Collateral, including the value of the same, Cash Collateral, adequate protection, and the amount, validity, or priority of any claims against Aviation or any other Debtors.  WFEF also reserves the right to amend or supplement this Motion at any time prior to any hearing to consider this Motion and to assert further arguments as the evidence may allow.

---

[25] *United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Ass'n*, 484 U.S. 365, 376 (1988).

**WELLS FARGO' EQUIPMENT FINANCE'S
MOTION FOR RELIEF FROM STAY**                                                                               **PAGE 9 OF 11**

**PRAYER**

WFEF respectfully requests that this Court enter an order: (i) granting this Motion; (ii) allowing WFEF to take any and all steps necessary to exercise its rights and remedies against the Aircraft Collateral, including, without limitation, immediately taking possession of and liquidating the Aircraft Collateral; and, (iii) granting such other and further relief to WFEF as is appropriate and just under the circumstances.  WFEF also requests all general relief to which it may be entitled, both at law and in equity.

DATED: February 5, 2018

      Respectfully submitted,

      **WINSTEAD PC**
      Rakhee V. Patel – SBT # 00797213
      S.D. Tex. No. 23571
      Annmarie Chiarello – SBT # 24097496
      S.D. Tex. No. 2936034
      500 Winstead Building
      2728 N. Harwood Street
      Dallas, Texas 75201
      (214) 745-5400 (Telephone)
      (214) 745-5390 (Facsimile)

      and

      **WINSTEAD PC**
      600 Travis Street
      Suite 5200
      Houston, Texas 77002
      (713) 650-8400 (Telephone)
      (713) 650-2400 (Facsimile)

      By:   */s/ Sean B. Davis*
           Sean B. Davis – SBT # 24069583
           S.D. Tex. No. 1048341
           Devin B. Hahn – SBT # 24104047
           S.D. Tex. No. 2972718

      **ATTORNEYS FOR WELLS FARGO EQUIPMENT FINANCE, INC.**

## Certificate of Conference

Pursuant to BLR 4001-1(a)(1), I hereby certify that on several occasions on and prior to February 1, 2018, I communicated with Jason Brookner, counsel of record for the Debtors, via e-mail and otherwise, to confer regarding the progress of these Chapter 11 cases and the reasons for filing this Motion. Mr. Brookner did not indicate whether Aviation was opposed to or in agreement with the relief requested in this Motion, but the parties will hopefully continue discussions in this regard after the filing of the Motion.

                */s/ Rakhee V. Patel*
                One of Counsel

## Certificate of Service

I hereby certify that on February 5, 2018, a true and correct copy of the foregoing document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District. Additionally, on February 6, 2018, a true and correct copy of the foregoing document will be sent to the parties listed on the Debtors' Limited Service List filed at Docket No. 40 in these Bankruptcy Cases via first class, U.S. mail.

                */s/ Sean B. Davis*
                One of Counsel