## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § § | Case No. 18-30197 (DRJ) |
| Debtors. | § § § § | Jointly Administered |

### EMERGENCY MOTION AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND GRANTING RELATED RELIEF

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON FEBRUARY 13, 2018 AT 10:45 A.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Lockwood Holdings, Inc. and certain of its affiliates, the above-captioned debtors and debtors in possession (the "Debtors"), for their Emergency Motion Authorizing the Payment of Certain Prepetition Taxes and Fees and Granting Related Relief (the "Motion"), respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), 541, and 1107 of title 11 of the Bankruptcy Code, Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4002-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## PROCEDURAL HISTORY AND BACKGROUND

4.     On January 18, 2018 (the "First Petition Date"), Lockwood Holdings, Inc., LH Aviation, LLC and Piping Components, Inc. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 24, 2018 (the "Second Petition Date," and together with January 18, 2018 the "Petition Dates"), Lockwood International, Inc., Lockwood Enterprises, Inc., LMG Manufacturing, Inc., and 7807 Eagle Lane, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.     Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors each remain in possession of their property and each is managing its business as a debtor in possession.  No trustee, examiner, or official committee has been appointed.

6.     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Emergency Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 14] (the "Cash Collateral Motion").

2

4451932.1

## THE DEBTORS' TAX AND FEE OBLIGATIONS

7.      In the ordinary course of their business, the Debtors collect, withhold, and incur sales, use, excise, income, withholding, franchise, severance, and property taxes, as well as other business, environmental, and regulatory fees (collectively, the "Taxes and Fees").[2]  The Debtors remit the Taxes and Fees to various federal, state, and local governments, including taxing and licensing authorities (collectively, the "Authorities").  A schedule identifying the Authorities is attached hereto as Exhibit B.[3]  Taxes and Fees are remitted and paid by the Debtors through checks and electronic funds transfers that are processed through their banks and other financial institutions.

8.      The Debtors pay the Taxes and Fees to the Authorities on a periodic basis, remitting them monthly, quarterly, semiannually, or annually depending on the nature and incurrence of a particular Tax or Fee.  The Debtors seek authority pursuant to this Motion to make such payments where: (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than actually owed; (c) Taxes and Fees paid prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities; or (d) Taxes and Fees incurred for prepetition periods may become due after the commencement of these chapter 11 cases.

---

[2] By this motion, the Debtors do not seek the authority to collect and remit state and federal employee-related taxes and withholdings. Such relief was instead requested in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs and (II) Granting Related Relief*, filed on January 24, 2018 [Docket No. 16].

[3] Although Exhibit B is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from Exhibit B.  By this motion, the Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified on Exhibit B.

4451932.1

9.     The Taxes and Fees are summarized as follows:

| Category | Description | Approx. Amount Accrued as of Petition Date |
|---|---|---|
| Sales, Use, and Excise Taxes | Taxes imposed on the manufacturer, sale, or use of certain types of goods and services. | $335,690 |
| Property Taxes | Taxes and obligations related to real and personal property holdings. | $610,800 |
| Foreign Taxes | Taxes payable to foreign taxing authorities as part of the Debtors' foreign operations | $153,510 |
| | **Approximate Total:** | **$1,100,000** |

10.    The Debtors believe that failing to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways. ***First***, failing to pay certain of the Taxes and Fees, particularly sales taxes, could cause the Debtors to lose their ability to conduct business in certain jurisdictions. ***Second***, the Authorities could initiate audits, suspend operations, file liens, or seek to lift the automatic stay, which would unnecessarily divert the Debtors' attention from the reorganization process. ***Third***, failing to pay Taxes and Fees potentially could subject certain of the Debtors' directors and officers to claims of personal liability, which likely would distract those key persons from their duties related to the Debtors' restructuring. ***Fourth***, unpaid Taxes and Fees may result in penalties, the accrual of interest, or both, which could negatively impact the Debtors' businesses or the reorganization process. Moreover, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not constitute property of the Debtors' estates. In addition, certain unpaid Taxes and Fees will need to be paid as part of a plan of reorganization in these cases.

4

A.      **Sales, Use, and Excise Taxes**

11.      The Debtors incur, collect, and remit sales and excise taxes to the Authorities in connection with the sale and distribution of their production.  Additionally, the Debtors purchase a variety of equipment, materials, and supplies necessary for the operation of their businesses from vendors that may not operate in the state where the property is to be delivered and therefore do not charge the Debtors sales tax in connection with such purchases.  In these cases, applicable law generally requires the Debtors to subsequently pay use taxes on such purchases to the applicable Authorities.  The Debtors generally remit sales, use, and excise taxes on a monthly or quarterly basis following their collection.

12.      In 2016, the Debtors paid approximately $1,477,786.86 in the aggregate on account of sales, use, and excise taxes to the Authorities.  In addition, vendors invoiced the Debtors for sales tax owed in conjunction with the Debtors' purchase of goods and remit such sales tax to the authorities on the Debtors' behalf.  Typically, such amounts are listed as separate line items on invoices.  As a result, the Debtors cannot accurately estimate the sales tax remitted to the Authorities on their behalf.  By this motion, the Debtors seek authority, but not direction, to pay any sales, use, or excise taxes that have accrued before the Petition Date, and to continue paying sales, use, or excise taxes on a postpetition basis in the ordinary course of business.

B.      **Property Taxes**

13.      State and local laws in the jurisdictions in which the Debtors operate generally grant Authorities the power to levy property taxes against the Debtors' real and personal property.  To avoid the imposition of statutory liens on their real and personal property, the Debtors typically pay property taxes in the ordinary course of business on a monthly, quarterly, or annual basis.   In 2016, the Debtors' property tax obligation was approximately $1,642,091.62

5

million.  By this motion, the Debtors seek authority, but not direction, to pay any property taxes that have accrued before the Petition Dates, and to continue paying property taxes on a postpetition basis in the ordinary course of business.

**C.      Foreign Taxes**

14.      The Debtors maintain international operations.  As a result, they incur certain taxes and fees to foreign taxing authorities as part of the ordinary course of their business. Similar to domestic taxes, the failure to pay these foreign taxes may impede the Debtors' ability to continue to do business in such countries and territories.  By this motion, the Debtors seek authority, but not direction, to pay any foreign taxes that have accrued before the Petition Dates, and to continue paying foreign taxes on a postpetition basis in the ordinary course of business.

## RELIEF REQUESTED

15.      The Debtors seek entry of an order authorizing the remittance and payment of (a) Taxes and Fees that accrue or are incurred postpetition; (b) Taxes and Fees that accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than actually owed; (c) Taxes and Fees that are paid prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities; or (d) Taxes and Fees incurred for prepetition periods may become due after the commencement of these chapter 11 cases..

## BASIS FOR RELIEF

**A.      Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates**

16.      Many of the Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors. *See, e.g.*, 26 U.S.C. § 7501; TEX. TAX CODE § 111.016(a) ("Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and

6

is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected").  As such, these Taxes and Fees are not property of the Debtors' estates under section 541 of the Bankruptcy Code. *See, e.g., Begier v. Internal Revenue Serv.*, 496 U.S. 53, 59 (1990); *In re of Al Copeland Enters., Inc.,* 991 F.2d 233, 237 (5th Cir. 1993) (noting that a debtor holds state sales tax revenues in trust for the state); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims.").  Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" taxes, the Debtors respectfully submit that they should be permitted to pay those funds to the Authorities as they become due.[4]

**B.     Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code**

17.     Claims for certain of the Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess fees, interest, and penalties if such amounts are not paid.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.  Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.  *See In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 369

---

[4] For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

(Bankr. S.D. Tex. 2000) ("[C]ertain types of claims enjoy a priority status in addition to being sometimes critical to the ongoing nature of the business. For instance, employee wage claims and certain tax claims are both priority claims in whole or in part. The need to pay these claims in an ordinary course of business time frame is simple common sense").

## C.    Payment of the Taxes and Fees Is a Sound Exercise of the Debtors' Business Judgment and Is Required by the U.S. Trustee

18.     Courts in the Fifth Circuit also have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. *See, e.g., In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept"); *Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983).   In doing so, these courts acknowledge that several legal theories rooted in sections 105(a), 363(b), and 1107(a) of the Bankruptcy Code support the payment of prepetition claims as provided herein.

19.     Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to pay prepetition obligations where a sound business purpose exists for doing so. *See Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification).   In addition, under section 1107(a) of the Bankruptcy Code, a debtor in possession has, among other things, the "implied duty . . . to 'protect and preserve the estate, including an operating business' going-concern value.'"   *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr.

8

N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. at 497).  Moreover, under section 105(a) of the Bankruptcy Code, "the [C]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a); *In re CoServ, L.L.C.*, 273 B.R. at 497 (finding that sections 105 and 1107 of the Bankruptcy Code provide the authority for a debtor in possession to pay prepetition claims); *In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003) (noting that non-payment of prepetition claims may seriously damage a debtor's business).  The above-referenced sections of the Bankruptcy Code therefore authorize the postpetition payment of prepetition claims when the payments are critical to preserving the going-concern value of the debtor's estate, as is the case here. *See, e.g., In re CoServ, L.L.C.*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use [s]ection 105(a) of the [Bankruptcy] Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate.").  Further, the U.S. Trustee requires that debtors pay all tax obligations arising after the filing of the petition in full when due.  *See, e.g.*, Region 7 Guidelines for Debtors in Possession.

20.    Here, the Debtors' ability to pay the Taxes and Fees is critical to their continued and uninterrupted operations.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these chapter 11 cases.  *See, e.g.*, TEX. TAX CODE § 111.016 (persons who hold money paid as a tax for the benefit of the state are liable to the state for the full amount); *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 (5th Cir. 2010) (noting that corporate officers may be held responsible for payment of certain corporate taxes).

21.    Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.

9

The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these chapter 11 cases.

22.     Furthermore, the Debtors' obligation to pay the Taxes and Fees ultimately may result in increased tax liability for the Debtors if interest and penalties accrue on the Tax and Fee claims, which amounts may also be entitled to priority treatment.  *See, e.g.*, TEX. TAX CODE § 111.016(a).  Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders.  As noted above, many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code.  As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. *See In re Equalnet Commc'ns Corp.*, 258 B.R. at 369 (noting that paying priority tax claim in the ordinary course of business is "simple common sense").  To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they ultimately may be required to pay those amounts with additional interest and penalties.  The Debtors' failure to pay the prepetition Taxes and Fees as they come due may therefore increase the amount of priority claims held by the Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured creditors and the Debtors' ability to finalize a chapter 11 plan during these cases.  *See* 11 U.S.C. § 507(a)(8)(C), (G).  Accordingly, the Court should grant the Debtors authority to pay the prepetition Taxes and Fees as provided herein.

23.     Courts in this district routinely approve relief similar to that requested herein. *See, e.g., In re Seadrill Limited*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. September 13, 2017) (authorizing debtor to pay prepetition taxes); *In re Sandridge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (same); *In re Linn Energy LLC*, No. 16-60040 (DRJ) (Bankr.

10

S.D. Tex. May 13, 2016) (same); *In re Midstates Petrol. Co.*, No. 16-32237 (DRJ) (Bankr. S.D.

Tex. May 2, 2016) (same); *In re Sherwin Alumina Co.*, No. 16-20012 (DRJ) (Bankr. S.D. Tex.

Jan. 13, 2016) (same).[5]

**D.    Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers**

24.    The Debtors have sufficient funds to pay the amounts described in this motion in

the ordinary course of business by virtue of expected cash flows from ongoing business

operations and anticipated access to cash collateral.  The Debtors intend to continue to work with

their prepetition lender, Wells Fargo Bank, N.A., to ensure that the timely payment of all Taxes

and Fees is incorporated into any cash collateral budget.  In addition, under the Debtors' existing

cash management system, the Debtors can readily identify checks or wire transfer requests as

relating to an authorized payment in respect of the Taxes and Fees.  Accordingly, the Debtors

believe that checks or wire transfer requests, other than those relating to authorized payments,

will not be honored inadvertently.  Therefore, the Debtors respectfully request that the Court

authorize and direct all applicable financial institutions, when requested by the Debtors, to

receive, process, honor, and pay any and all checks or wire transfer requests in respect of the

relief requested in this motion.

### EMERGENCY CONSIDERATION

25.    Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request

emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a

court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the

extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

**WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

26.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

27.     Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

12

## NOTICE

28.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Wells Fargo as administrative agent under the Debtors' credit agreement; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) the Authorities listed on Exhibit "B" attached hereto, and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

29.     No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the form of proposed Order attached hereto, granting the relief requested herein, and grant such other relief as may be just and proper.

Respectfully submitted this 9th day of February, 2018.

**GRAY REED & McGRAW LLP**

By:  _/s/ Jason S. Brookner_
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:       jbrookner@grayreed.com

13

4451932.1

-and-

Lydia R. Webb
Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:      lwebb@grayreed.com

**PROPOSED COUNSEL TO THE DEBTORS**

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on February 9, 2018, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case, via electronic mail on counsel to the Lenders, and on the parties appearing on the attached Limited Service List via first class U.S. mail, postage prepaid.

*/s/ Jason S. Brookner*
Jason S. Brookner

14

**EXHIBIT "A"**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § | |
| | § | Case No. 18-30197 (DRJ) |
| Debtors. | § | |
| | § | Jointly Administered |
| | § | |
| | § | |

## ORDER AUTHORIZING THE PAYMENT OF CERTAIN
## PREPETITION TAXES AND FEES AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an Order (a) authorizing the Debtors to remit and pay prepetition Taxes and Fees, and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having found that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that notice of the Motion was appropriate under the circumstances and that no other notice need be provided; and having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing conducted on February ___, 2018 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1.     The Motion is granted on a final basis as set forth herein.

2.     The Debtors are authorized, but not directed, to (a) pay or remit the Taxes and Fees that accrued prior to the Petition Dates and that will become payable in the ordinary course during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable and (b) pay or remit Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis.  The Taxes and Fees are summarized as follows:

| Category | Description | Approx. Amount Accrued as of Petition Date |
|---|---|---|
| Sales, Use, and Excise Taxes | Taxes imposed on the manufacturer, sale, or use of certain types of goods and services. | $335,690 |
| Property Taxes | Taxes and obligations related to real and personal property holdings. | $610,800 |
| Foreign Taxes | Taxes payable to foreign taxing authorities as part of the Debtors' foreign operations | $153,510 |
| | **Approximate Total:** | **$1,100,000** |

3.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

4451932.1

4.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

5.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

6.     Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

7.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2018
Houston, Texas                          _____
                                        DAVID R. JONES
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "B"

## Taxing Authorities

| | | |
|---|---|---|
| Cypress Fairbanks ISD<br>c/o Cypress Fairbanks ISD<br>Tax Assessor Collector<br>P.O. Box 203908<br>Houston, TX 77216 | Brazoria County<br>c/o Ro'Vin Garrett<br>PCC Tax Assessor Collector<br>P.O. Box 1586<br>Lake Jackson, TX 77566 | Calcasieu Parish<br>c/o Sheriff and Tax Collector<br>Tony Mancuso<br>P.O. Box 1450<br>Lake Charles, LA 70602 |
| Canada Revenue Agency<br>275 Pope Road<br>Suite 103<br>Summerside, PE C1N 6A2 | Aldine ISD<br>c/o Aldine ISD Tax Office<br>P.O. Box 203989<br>Houston, TX 77216 | Harris County<br>c/o Ann Harris Bennett<br>Tax Assessor - Collector<br>P.O. Box 4622<br>Houston, TX 77210-4622 |
| Jefferson County<br>c/o Allison Nathan Getz<br>PCC Tax Assessor Collector<br>P.O. Box 2112<br>Beaumont, TX 77704-2112 | Sheldon ISD<br>c/o Sheldon ISD Tax Office<br>11411 C E King Parkway<br>Suite A<br>Houston, TX 77044 | Klein ISD<br>7200 Spring-Cypress Rd<br>Klein, TX 77379 |
| Yellowstone County<br>P.O. Box 35010<br>County Courthouse - Room 108<br>Billings, Montana 59107 | Texas Comptroller of Public<br>Accounts<br>c/o Courtney J. Hull<br>Texas Attorney General's Office<br>300 W. 15th Street<br>Austin, Texas 78701 | |

Limited Service List as of February 7, 2018

## 30 LAGEST UNSECURED CREDITORS

ALLIED FITTING LP
7200 Mykawa Road
Houston, TX 77033

ASSOCIATED VALVE
703-19th Ave
Nisku AB T9E 7V9

COR-PRO Sys. Operating, Ltd.
10555 West Little York
Houston, TX 77041

FLOWSERVE - RALEIGH
1900 S. Saunders Street
Raleigh, NC 27603

Ilshin Forged Steel Valve Co.
1 NA 703, Shiwha Indl
Comples 1244-2
Chongwang-Dong

J.D. Fields & Company Inc.
55 Waugh Dr., #1250
Houston, TX 77007

Jiangsu YDF Valve Co Ltd.
Shangzhuang Town
Fredericksburg, VA 22402

LVF Valve Solutions
Via G Mazzine 6 Partita
IVA 03076750169
Blacksburg, VA 24060

PK VALVE
192-1 Shinchon-Dong
Changtown-City, KN

POYAM VALVES
Poligono Poyam Idiazabal Gipuzkoa
E-20213 Spain

PUSAN PIPE AMERICA INC
2100 Main Street
Suite 100
Irvine, CA 92614

TIV VALVES SRL
Via Provinciale Saronnese
58 20027 Rescaldina MI
Italy

Tiv Valves SRL
Via Provinciale Saronnese, 58 20027
Rescaldina, Italy

TRUFLO RONA SRL
Via Stendahal, 65
Delaplane, VA 20144

TRUFLO RONA SRL
Via Grilli 2/A San Nicolo A Rewvvia
Bishopville, SC 29010

TWC – The Valve Company
P.O. Box 95455
Grapevine, TX 76099-0752

ORION SPA
Via Caboto-34148
Trieste Italy

GLOBAL STAINLESS SUPPLY
8900 Railwood Drive
Houston, TX 77078

PERAR S.P.A.
Via Gringa 37 20027 Rescaldina
Milan Italy

Zimmerman, Axelrad, Meyer
3040 Post Oak Blvd., Ste. 1300
Houston, TX 77056-6560

Harris County
Tax
Assessor-Collector
P.O. Box 4622
Houston, TX 77210-4622

Canada Revenue Agency
275 Pope Road, Suite 103
Summerside, PE
C1N 6A2

Briggs & Veselka Co.
Nine Greenway Plaza
Suite 1700
Houston, TX 77046

Hadassah Realty
(Wallisville)
17304 Preston Road, Suite 550
Dallas, TX 75252

4459935.1

O.M.B. - ITALY
Via Europa
24069 Cenate Sottto
Bergamo, Italy

USI Southwest
840 Gessner
Suite 600
Houston, TX 77024

Sherwood Pointe LLC
5135 Bluebonnet Boulevard
Baton Rouge, LA 70809

Orton Italiana SRL
Via Dei Bazachl 50
Piacenza Emilia-Romagna SC
29100

VALVOSIDER
Via San Rocco, 2 13011
Borgosesia VC, Italy

Tri-State Supply Co.
P.O. Box 40512
Houston, TX 77240-0512

## DEBTORS

Lockwood International, Inc.
1002 Windfern Road, Bldg. B
Houston, TX 77064

LH Aviation, LLC
1002 Windfern Road, Bldg. B
Houston, TX 77064

LMG Manufacturing, Inc.
1002 Windfern Road, Bldg. B
Houston, TX 77064

Lockwood Enterprises, Inc.
1002 Windfern Road, Bldg. B
Houston, TX 77064

Lockwood Holdings, Inc.
1002 Windfern Road, Bldg. B
Houston, TX 77064

Piping Components, Inc.
1002 Windfern Road, Bldg. B
Houston, TX 77064

7807 Eagle Lane, LLC
1002 Windfern Road, Bldg. B
Houston, TX 77064

## DEBTORS COUNSEL

Jason S. Brookner
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

Lydia R. Webb
1601 Elm Street, Suite 4600
Dallas, Texas 75201

4459935.1

## EQUITY HOLDERS

Michael F. Lockwood
1002 Windfern Road, Bldg. B
Houston, TX 77064

## UNITED STATES TRUSTEE

Hector Duran
US Trustee
Office of the US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002

## SECURED CREDITORS

Wells Fargo Equipment Finance, Inc.
P.O. Box 858178
Minneapolis, MN 55485

Wells Fargo
c/o Rakhee V. Patel WINSTEAD PC
500 Winstead Building
2728 N Harwood Street
Dallas, Texas 75201

Sean B. Davis
WINSTEAD PC
600 Travis Street Suite 5200
Houston, Texas 77002

Annmarie Chiarello
WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201

4459935.1

## OTHER PARTIES MAKING AN
## <u>APPEARANCE</u>

Harris County
Cypres-Fairbanks ISD
LINEBARGER GOGGAN BLAIR &
SAMPSON LLO
P.O. Box 3064
Houston , TX 77253-3064

Robert L. Barrow
WARREN DRUGAN & BARROWS P.C.
800 Broadway
San Antonio, TX 78215


Equipment Depot, Ltd.
c/o Richard J. Wallace, III
Scheef & Stone, L.L.P.
500 North Akard, Suite 2700
Dallas, Texas 75201

Courtney J. Hall
Assistant Attorney General
Bankr. & Collections Div., MC008
P.O. Box 12548
Austin, TX 78711-2548

Stephen M. Gray
ZACHARY INDUSTRIAL, INC.
P.O. Box 240130
San Antonio, TX 78224-0130


Herman A. Cooper and Brenda E. COOPER
c/o James E. Cuellar
Wells & Cuellar, P.C.
440 Louisiana, Suite 718
Houston, Texas 77002

Martin Disiere Jefferson & Wisdom
LLP
808 Travis St., 20th Floor
Houston, TX 77002


Flowserv US Inc.
c/o Robert P. Franke
STRASBURGER & PRICE L.L.P.
901 Main St., Suite 6000
Dallas, Texas 75202

4459935.1