## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § § | Case No. 18-30197 (DRJ) |
| Debtors. | § § § § | (Jointly Administered) |

## DEBTORS' EMERGENCY MOTION FOR ORDER (I) COMPELLING TURNOVER OF FUNDS (II) FOR CONTEMPT AND AWARDING DAMAGES AND SANCTIONS AND (III) GRANTING OTHER APPROPRIATE RELIEF

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Lockwood Holdings, Inc. and certain of its affiliates, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for their Emergency Motion for Order (I) Compelling Turnover of Funds (II) for Contempt and Awarding Damages and Sanctions and (III) Granting Other Appropriate Relief (the "Motion"), respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL HISTORY

3.      On January 18, 2018 (the "First Petition Date"), Lockwood Holdings, Inc., LH Aviation, LLC, and Piping Components, Inc. (collectively, the "January 18 Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 24, 2018 (the "Second Petition Date," and together with January 18, 2018, the "Petition Dates"), Lockwood International, Inc., Lockwood Enterprises, Inc., LMG Manufacturing, Inc., and 7807 Eagle Lane, LLC (collectively, the "January 24 Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors each remain in possession of their property and each is managing its business as a debtor in possession. No trustee, examiner, or official committee has been appointed.

## BACKGROUND

5.      Founded in 1977 in Houston, Texas, Lockwood International, Inc. ("LII") is an international supplier of valves and valve automation, offering pipe, valves, fittings and flanges, as well as engineered products for liquid handling and transfer, liquid management, as well as access and safety equipment.  LII primarily supplies customers in the petrochemical, oil and gas, and construction industries.

6.      Prepetition, as part of the Debtors' normal operations, the Debtors had a vendor relationship with PJ Valve, Ltd. ("PJ Valve"), a Canadian company, pursuant to which PJ Valve

supplied the Debtors with valves.

7.     On or about February 13, 2018, one of the Debtors' employees inadvertently approved a wire transfer of cash in the amount of $272,050.80 CAD[2] (the "Wire Transfer") as a payment for certain goods manufactured and to be delivered by PJ Valve.  The goods were to be delivered over a period of time commencing during the week ending February 16, 2018.

8.     Instead of applying the Wire Transfer funds to the postpetition delivery of goods, however, as intended by the Debtors and as they thought would occur, PJ Valve has (i) applied the Wire Transfer funds to prepetition outstanding amounts, (ii) has refused to deliver any of the goods unless the Debtors make further payment to cover the difference in the amount owing (after the Wire Transfer funds are applied to the prepetition claim) and (iii) refused to return the Wire Transfer to the Debtors.  All of this, despite being informed of the pendency of these chapter 11 cases, the applicability of the automatic stay, the fact that prepetition claims are not permitted to be paid other than pursuant to a court order, and the fact that paragraph 11 of the Court's *Second Interim Agreed Order Authorizing Use of Cash, Approving Budget, Granting Replacement Liens, and Setting Final Hearing* [Docket No. 76] (the "Cash Collateral Order") currently precludes payment of cash in advance absent Wells Fargo's approval.  *See generally* correspondence attached hereto as **Exhibit B**.

9.     PJ Valve has refused the Debtors' demands, as set forth on **Exhibit B**.  This refusal not only violates the automatic stay, but also puts the Debtors at risk of losing in excess of $217,294.92 USD, because the goods to be delivered by PJ Valve were to be included in and as part of a project that was to be completed and delivered to a customer this week.

10.     Further, immediately prior to the filing of this Motion, it came to the Debtors'

---

[2] $217,294.92 USD.

attention that PJ Valve is making arrangements to sell the goods that should otherwise be delivered to the Debtors to another third party, who, in turn, intends to sell the goods to the Debtors' customer.  As a result, PJ Valve has now confirmed that it not only intends to retain the Wire Transfer funds, but also to imminently dispatch with the goods while at the same time affirmatively depriving the Debtors revenue from their customer.

11.     This action should not be tolerated.

## **RELIEF REQUESTED**

12.     By this Motion, the Debtors seek the entry of an Order, substantially in the form attached hereto as **Exhibit A**, (i) compelling turnover of the Wire Transfer from PJ Valve or the goods expected to have been delivered (ii) awarding damages to the Debtors for PJ Valve's wrongful and intentional actions and the resulting loss of business, including attorneys' fees and costs, (iii) awarding sanctions for PJ Valve's willful, intentional, and purposeful violation of the automatic stay, and (iv) granting such other relief as the Court deems proper.

## **ARGUMENT AND AUTHORITY**

13.     Section 362(a) of the Bankruptcy Code provides that upon filing a voluntary petition, such petition stays, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]."  11 U.S.C. §§ 362(a)(3), (a)(6).

14.     The purpose of the automatic stay is to "protect the debtor's assets, provide temporary relief from creditors, and further ensure equality of distribution among creditors by forestalling a race to the courthouse."  *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).  When a party acts with knowledge of a pending bankruptcy, a stay violation

4

is willful and the party's "'good faith' belief that he is not violating the automatic stay provision is not determinative of willfulness." *In re Coats*, 168 B.R. 159, 168 (Bankr. S.D. Tex. 1993) (internal citations and quotation marks omitted).

15.     The automatic stay applies to "all entities," 11 U.S.C. § 362(a), and to property of the estate "wherever located and by whomever held."  11 U.S.C § 541(a).  Clearly, the automatic stay applies extraterritorially.  *See, e.g., Lykes Bros. Steamship Co., Inc. v. Hanseatic Marine Serv. (In re Lykes Bros. Steamship Co., Inc.)*, 207 B.R. 282, 287 (Bankr. M.D. Fla. 1997) ("The automatic stay imposed by 11 U.S.C. § 362 extends beyond the territorial boundaries of the United States."); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("The Court finds … that based upon the applicable Code sections, other indicia of congressional intent and case law in this district, the automatic stay applies extraterritorially."); *In re McLean Indus., Inc*., 74 B.R. 589, 601 (Bankr. S.D.N.Y. 1987) ("The automatic stay applies extraterritorially").

16.     As shown by **Exhibit B** and as described above, PJ Valve has willfully violated the automatic stay under sections 362(a)(1), (3) and 362(a)(6).  PJ Valve has actual knowledge of the Debtors' chapter 11 cases, yet has insisted on the payment and collection of its prepetition claim, and refused to cease exercising dominion, possession, and control over estate property.  This activity will also cause the Debtors to lose a significant sale and potentially lose an important customer as well.

17.     Furthermore, if an entity has possession or control over property of the estate, such entity "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C § 542(a).  By refusing to transfer the Wire Transfer or the purchased goods to the Debtors, PJ Valve is in violation of section 542(a).

5

18.     PJ Valve has failed to comply with sections 542(a) and 363(a) of the Bankruptcy Code.  The Debtors respectfully request that this Court compel turnover of the Wire Transfer or, alternatively, compel turnover of the goods paid for with the Wire Transfer postpetition.

19.     The Debtors further request that this Court order PJ Valve to show cause why it should not be held in contempt for its willful violation of the automatic stay.

20.     "The authority to impose sanctions for contempt of an order is an inherent and well-settled power of all federal courts—including bankruptcy courts."  *In re Brown*, 511 B.R. at 848 (citing cases).  The Court also has the power, under § 105(a) of the Bankruptcy Code, to issue sanctions under its civil contempt power or pursuant to its equitable powers.  *In re Sanchez*, 372 B.R. 289, 310 (Bankr. S.D. Tex. 2007); *Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)*, 108 F.3d 609, 613 (5th Cir. 1997) ("The language of [§ 105 of the Bankruptcy Code] is unambiguous.  Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code").  *See also Martime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 187 (2d Cir. 1990) (holding that section 105 provides the basis to pursue civil contempt remedies for stay violations involving corporate debtors, rather than sec. 362(h) [now sec. 362(k)(1)], which applies only to individual debtors).  As the Fifth Circuit has observed, "Judicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  *Am. Airlines Inc. v. Allied Pilots Ass'n,* 228 F.3d 574, 585 (5th Cir. 2000) (quoting *United States v. United Mine Workers of America,* 330 U.S. 258, 303–04 (1947)).

21.     "A movant seeking sanctions for contempt must establish by clear and convincing

6

evidence that 1) there was an order in effect, 2) the order required specific conduct by the respondent, and 3) the respondent failed to comply with the court order." *In re Brown*, 511 B.R. 843, 849 (Bankr. S.D. Tex. June 18, 2014) (citing *United States v. City of Jackson, Miss.,* 359 F.3d 727, 731 (5th Cir. 2004), internal quotation marks omitted).  "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc.*, 228 F.3d at 581.

22.     Here, all three of the above-listed elements have been met.  The automatic stay immediately took effect upon the filing of the Debtors' respective petitions.  Thus, the automatic stay was in effect at the time PJ Valve took the Wire Transfer, applied it to a prepetition debt, and refused to return the Wire Transfer or deliver the purchased goods to the Debtors.  "An automatic stay is a self-executing injunction, and therefore for contempt purposes it constitutes an order of the bankruptcy court."  *Sanchez*, 372 B.R. at 311.  The automatic stay certainly required special conduct by PJ Valve and PJ Valve has affirmatively failed to comply with the automatic stay.

23.     The Debtors have unquestionably been damaged by PJ Valve's actions, but such damages cannot yet readily be calculated.  Damages include loss of reputation, future loss of business for failure to deliver goods as promised, as well as any losses that might ensue to the Debtors as a result of the failure to deliver—including the loss of at least one important customer.  Additionally, PJ Valve's refusal to comply with the automatic stay may result in the Debtors incurring greater costs to provide replacement product.  The Debtors should be compensated for these damages.  *In re San Angelo Pro Hockey Club, Inc., 292 B.R. 118* (Bankr. N.D. Tex. 2003).

24.     Issuing sanctions in this case will not only compensate the Debtors for their sustained damages, but will also serve to insure further compliance with the automatic stay by other creditors of the Debtors, as well as PJ Valve.  *In re San Angelo Pro Hockey Club, Inc.*, 292

7

B.R. 118, 124 (Bankr. N.D. Tex. 2003).

## EMERGENCY RELIEF

25.     Emergency relief is sought to prevent further damages as detailed above.  The Debtors have contracted with other parties to provide goods that can only be provided once the Debtors have obtained the goods held by PJ Valve.  PJ Valve has indicated that the re-sell of th goods to a third party is imminent.  Accordingly, in order to prevent further diminution of property of the estate, the Debtors require a resolution to this issue as soon as possible.

## NOTICE

26.     The Debtors will provide notice of this Application to (i) the Office of the United States Trustee for the Southern District of Texas, (ii) counsel to Wells Fargo as agent for the Debtors' prepetition secured lenders, (iii) PJ Valve, and (iv) all other persons who have filed a notice of appearance and request for service of documents.  Under Bankruptcy Local Rule 9013-1 and in light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

27.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (ii) grant such other and further relief as may be just and proper.

Respectfully submitted this 15th day of February, 2018.

4493648.1

GRAY REED & McGRAW LLP

By: ___/s/ Jason S. Brookner___
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:    jbrookner@grayreed.com

-and-

    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:    lwebb@grayreed.com

**PROPOSED COUNSEL TO THE DEBTORS**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 15th day of February, 2018, he caused a true and correct copy of the foregoing pleading to be served via CM/ECF on all parties who have subscribed for electronic notice in this case, and via electronic mail on PJ Valve, the Office of the United States Trustee, and counsel to Wells Fargo.

            */s/ Jason S. Brookner*
            Jason S. Brookner

**ATTORNEY CERTIFICATION**

    The undersigned hereby certifies that the statement required under BLR 9013-1(i) for emergency consideration is accurate to the best of my knowledge.

            */s/ Jason S. Brookner*
            Jason S. Brookner

9

## Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § § § | Case No. 18-30197 (DRJ) |
| Debtors. | § § § | (Jointly Administered) |
|  | § § |  |

ORDER GRANTING DEBTORS' EMERGENCY MOTION
FOR ORDER (I) COMPELLING TURNOVER OF FUNDS (II) FOR
CONTEMPT AND AWARDING DAMAGES AND SANCTIONS
AND (III) GRANTING OTHER APPROPRIATE RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an order (i) compelling turnover of the Wire Transfer

from PJ Valve, Ltd. ("PJ Valve") or, alternatively, the goods expected to have been delivered, (ii)

awarding damages to the Debtors for PJ Valve's wrongful and intentional actions and the resulting

loss of business, (iii) awarding sanctions for PJ Valve's willful, intentional, and purposeful

violation of the automatic stay, and (iv) granting such other relief as the Court deems proper; and

the Court having reviewed the Motion; and the Court having jurisdiction over the Motion pursuant

to 28 U.S.C. §§ 157 and 1334, and the Motion presenting a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and venue of this proceeding and the Motion in this district being proper pursuant to

28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion, that the relief requested in the Motion is necessary and is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and adequate and appropriate notice of the Motion having been given under the circumstances, and no other or further notice being required; and the Court having found that the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** as follows:

1. The Motion is granted as set forth herein.

2. PJ Valve shall turn over to the Debtors any and all property of the estate in its possession, including, but not limited to, the amount of funds transferred via the Wire Transfer.

3. As sanctions for its willful and intentional violation of the automatic stay and the turnover statute, PJ Valve is hereby ordered to pay $_____ in sanctions to the Court, and shall pay a sanction of $___ per day for each day that PJ Valve continues not to comply with this Order and section 362(a) and 542(a) of the Bankruptcy Code.

4. PJ Valve shall pay to the Debtors damages incurred by the Debtors as a result of PJ Valve's willful and intentional actions, as contained in further order of the Court.  The Debtors shall apply to the Court for an award of damages once such damages, if any, have been determined and calculated, and if the Debtors have not incurred any damages, they shall so inform the Court and PJ Valve.

5. The Canadian government and the local and regional governments of all Canadian provinces are hereby directed to enforce compliance with this Order and prior Orders of this Court as the same pertain to PJ Valve.

4493648.1

6.      The Debtors are authorized to take any and all further action in the United States, Canada and any Canadian province or locality deemed necessary or appropriate to domesticate or otherwise make this order enforceable and/or ensure that this Order receives appropriate comity.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed on _____, 2018.**

_____
**HONORABLE DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

3

**<u>Exhibit B</u>**

**Party Communication**

| From: | Jason S. Brookner |
|---|---|
| To: | "Paul Antolick" |
| Cc: | "cwowk@lockwoodint.com"; "brutledge@lockwoodint.com"; Mark Spillard (mspillard@lockwoodint.com); Mark Shapiro (mshapiro@glassratner.com); Lydia Webb |
| Subject: | RE: HIGHLY IMPORTANT: Lockwood International -- PJ Valves |
| Date: | Wednesday, February 14, 2018 2:27:00 PM |
| Attachments: | [18-30268] LII - Dkt No. 001 - 2018.01.24 - Petition.pdf |
| | [18-30197] Dkt No. 059 - 2018.02.05 - Notice of Ch. 11 Bankruptcy Case.pdf |
| | [18-30197] Dkt No. 076 - 2018.02.07 - Second Interim Order re. Cash Coll....pdf |

Paul, as we discussed earlier, attached are the following documents:

Voluntary petition filed by Lockwood International;
Second Interim Cash Collateral Order; and
Notice of filing and first meeting of creditors.

Once you have reviewed the attached, I hope you will re-consider your position and either deliver the outstanding goods, or return the money.

Again, many thanks.

---

**From:** Jason S. Brookner
**Sent:** Wednesday, February 14, 2018 1:55 PM
**To:** 'Paul Antolick' <paul@pjvalve.com>
**Cc:** 'cwowk@lockwoodint.com' <cwowk@lockwoodint.com>; 'brutledge@lockwoodint.com' <brutledge@lockwoodint.com>; Mark Spillard (mspillard@lockwoodint.com) <mspillard@lockwoodint.com>; Mark Shapiro (mshapiro@glassratner.com) <mshapiro@glassratner.com>; Lydia Webb <lwebb@grayreed.com>
**Subject:** RE: HIGHLY IMPORTANT: Lockwood International -- PJ Valves

Mr. Antolick, in order to be more clear in my communications, and so that you are not surprised by our court pleading, I want to bring one more item to your attention, which I should have highlighted earlier.

Under U.S. law, section 362(a) of title 11 of the United States Code (the US Code is the law of the United States of America) sets forth is what is referred to as the "automatic stay." The automatic stay applies to all persons and all of the Debtors' property, wherever located and by whomever held, and provides that upon the filing of a bankruptcy petition, all persons are stayed (ie, enjoined) from, among other things, attempting to collect a pre-bankruptcy debt, continue a pre-bankruptcy legal proceeding, and exercise control over property of the estate (in this case, the cash). Section 362(a) provides in relevant part as follows (with emphasis added):

(a) . . . a petition filed under [the US Bankruptcy Code] . . . operates as a stay, applicable to all entities, of---

      1. The commencement or continuation , including the issuance or employment of

process, of any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the [chapter 11 case] ***or recovering a claim against the debtor that arose before the commencement of the [chapter 11 case]***

2.   * * *

3.   Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

There is no question under US bankruptcy law, that the cash you are now holding is "property of the estate" and given the orders in place in our case, you are not authorized to hold or exercise control over that cash in these circumstances.

So, the purpose of this email is make sure you were aware of the above statute, as I neglected to inform you of this earlier.

And finally, I do hope that after reviewing this email chain, you and your firm are willing to stand down and reach an accord with Lockwood.  We are preparing our court papers, but we are happy to stop if PJ Valves is willing to abide by the existing Bankruptcy Court order and the above statute. In case you need it or want it, the official citation for the automatic stay is 11 U.S.C. § 362(a)

Many thanks.

---

**From:** Paul Antolick [mailto:paul@pjvalve.com]
**Sent:** Wednesday, February 14, 2018 12:45 PM
**To:** Jason S. Brookner <jbrookner@grayreed.com>
**Subject:** RE: HIGHLY IMPORTANT: Lockwood International -- PJ Valves

Just send them to us

Paul J Antolick
P J Valve
Ph. 780 440 2373
Fax 780440 2385

---

**From:** Jason S. Brookner [mailto:jbrookner@grayreed.com]
**Sent:** February 14, 2018 11:44 AM
**To:** Paul Antolick <paul@pjvalve.com>
**Cc:** Mark Shapiro (mshapiro@glassratner.com) <mshapiro@glassratner.com>; Mark Spillard (mspillard@lockwoodint.com) <mspillard@lockwoodint.com>; brutledge@lockwoodint.com
**Subject:** RE: HIGHLY IMPORTANT: Lockwood International -- PJ Valves

As you wish.

If you have counsel, please inform him or her of the below, and please provide us with his or her contact information so we may ensure service of our papers.

---

**From:** Paul Antolick [mailto:paul@pjvalve.com]
**Sent:** Wednesday, February 14, 2018 12:41 PM
**To:** Jason S. Brookner <jbrookner@grayreed.com>
**Subject:** RE: HIGHLY IMPORTANT: Lockwood International -- PJ Valves

PROCEED WITH COURT ACTION

Paul J Antolick
P J Valve
Ph. 780 440 2373
Fax 780440 2385

---

**From:** Jason S. Brookner [mailto:jbrookner@grayreed.com]
**Sent:** February 14, 2018 11:37 AM
**To:** Paul Antolick <paul@pjvalve.com>
**Cc:** Mark Shapiro (mshapiro@glassratner.com) <mshapiro@glassratner.com>; Mark Spillard (mspillard@lockwoodint.com) <mspillard@lockwoodint.com>; brutledge@lockwoodint.com
**Subject:** HIGHLY IMPORTANT: Lockwood International -- PJ Valves

Mr. Antolick:

This law firm represents Lockwood International and its affiliates as chapter 11 debtors, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, the Honorable David R. Jones, Chief Judge, Presiding.

It has come to our attention that a Lockwood employee approved payment of cash in advance to your firm for the delivery of certain goods, and that you are now holding the cash, applying it to pre-bankruptcy invoices, and refusing to deliver the goods.   Please be advised that payment of cash in advance for goods is not approved by the Bankruptcy Court and was a mistake.  Lockwood is only authorized to pay cash on delivery.  Further, Lockwood is precluded by operation of law from paying any pre-bankruptcy amounts owing to creditors without a court order.

As a result, we demand that you immediately either (i) deliver the goods that were paid for or (ii) return the money.

If you fail to do (i) or (ii) above today, we will have no choice but to seek relief from Judge Jones on an expedited basis, and we may further seek other equitable relief from the Court, including to hold you and your firm in contempt of court, for damages and for our legal fees.  We also reserve the

right to seek an award against you for any and all other damages suffered by Lockwood, including but not limited to tortious interference with the business.

Please forthwith confirm that the goods will be delivered or the money returned.  If we have not heard from you or your attorney by 2 pm Central Time  – which is 1.5 hours from now, we will take all appropriate action.  Lockwood reserves all rights.

Govern yourself accordingly.

Jason S. Brookner
Partner

**Gray Reed & McGraw**
1601 Elm Street, Suite 4600 | Dallas, TX 75201
Tel 469.320.6132 | Fax 469.320.6894

1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
Tel 713.986.7000 | Fax 713.986.7100
jbrookner@grayreed.com | www.grayreed.com

**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

# Amber M. Carson

**From:** Lydia Webb
**Sent:** Wednesday, February 14, 2018 11:48 AM
**To:** Jason S. Brookner
**Subject:** FW: PJ VALVE ACCOUNT STATUS

Lydia Webb
Associate

**Gray Reed & McGraw**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Tel 469.320.6111 | Fax 469.320.6880
lwebb@grayreed.com | www.grayreed.com

**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

**From:** Brad Rutledge [mailto:brutledge@lockwoodint.com]
**Sent:** Wednesday, February 14, 2018 11:48 AM
**To:** Lydia Webb <lwebb@grayreed.com>
**Subject:** FW: PJ VALVE ACCOUNT STATUS

FYI

**Brad Rutledge** | Inside Sales Manager
182 Turbo Drive | Sherwood Park, Alberta, Canada, T8H 2J6
**Office:** (780) 449-4077 | **Direct:** (780) 449-4077 ext: 1259 | **Fax:** (780) 449-2556
brutledge@lockwoodint.com | www.lockwoodint.com
<image003.jpg>

This email message and any attachment(s) hereto are intended for the use only by its intended recipient(s) and may contain confidential information. If you have

1

received this email in error, please immediately notify the sender and permanently delete the original and any copy of this message and its attachments.

**From:** Paul Antolick [mailto:paul@pjvalve.com]
**Sent:** Wednesday, February 14, 2018 8:42 AM
**To:** Cam Wowk; Brad Rutledge; Greg Clark
**Subject:** FW: PJ VALVE ACCOUNT STATUS

On advice of our legal counsel we will not be processing any "new" orders until the outstanding payable and the current in house orders are paid for.

We can apply the current payment of $272050.80 to the outstanding payable of $173064.99 and the remaining balance of $98985.81 can be applied to the orders we have in house, but we will require the full amount of $3128577.24 to be paid prior to the release of any orders.

Alternately Lockwood can have the out standing purchase orders reissued by the end user to P J valve.

If either the full PMT amount or the reassigning of purchase orders is not executed by Friday  February 16th P J valve will contact the end users directly to have the purchase orders reassigned.

Please see attached reports.

Regards,

PJA

Paul J Antolick
P J Valve
Ph. 780 440 2373
Fax 780440 2385

2

**From:** Brad Rutledge [mailto:brutledge@lockwoodint.com]
**Sent:** February 13, 2018 8:44 AM
**To:** Greg Clark <greg@pjvalve.com>
**c:** Paul Antolick <paul@pjvalve.com>; Cam Wowk <cwowk@lockwoodint.com>
**Subject:** RE: PJ VALVE ACCOUNT STATUS

Guys,

See attached for the wire confirmation.  Please confirm with our ISR's when the items related to these POs are ready to ship.

Thank you,

**Brad Rutledge**  | Inside Sales Manager
182 Turbo Drive | Sherwood Park, Alberta, Canada, T8H 2J6
**Office:** (780) 449-4077 | **Direct:** (780) 449-4077 ext: 1259 | **Fax:** (780) 449-2556
brutledge@lockwoodint.com | www.lockwoodint.com

<image001.jpg>

This email message and any attachment(s) hereto are intended for the
use only by its intended recipient(s) and may contain confidential
information. If you have received this email in error, please
immediately notify the sender and permanently delete the original and
any copy of this message and its attachments.

**From:** Brad Rutledge
**Sent:** Tuesday, February 13, 2018 8:16 AM
**To:** 'Greg Clark'
**Cc:** Paul Antolick; Cam Wowk
**Subject:** RE: PJ VALVE ACCOUNT STATUS

Morning Greg/Paul,

We have been given approval to pay the following purchase orders today:

| Vendor Name | Vendor Number | Trading Currency | PO/Invoice Number |
|---|---|---|---|
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305649 |
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305721 |
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305717 |

3

| | | |
|---|---|---|
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305926 |
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305857 |
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305676 |
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305505 |
| P.J. VALVE LTD (CAD) | 1954 | CAD | 305600 |

Payment: $259,096.00+ GST CND

I will forward the wire confirmation as soon as it is processed.  Please do what you can to ensure everything gets moving as quickly as possible, particularly the long lead items.

It is our hope that the process now worked out with the courts will allow payments to become more frequent. I will keep you both posted.

Thank you,

**Brad Rutledge** | Inside Sales Manager
182 Turbo Drive | Sherwood Park, Alberta, Canada, T8H 2J6
**Office:** (780) 449-4077 | **Direct:** (780) 449-4077 ext: 1259 | **Fax:** (780) 449-2556
brutledge@lockwoodint.com | www.lockwoodint.com
<image001.jpg>

This email message and any attachment(s) hereto are intended for the use only by its intended recipient(s) and may contain confidential information. If you have received this email in error, please immediately notify the sender and permanently delete the original and any copy of this message and its attachments.

**From:** Greg Clark [mailto:greg.greg@pjvalve.com]
**Sent:** Wednesday, February 07, 2018 3:32 PM
**To:** Brad Rutledge
**Cc:** Paul Antolick
**Subject:** RE: PJ VALVE ACCOUNT STATUS
**Importance:** High

Hi Brad,

Please find attached an updated version of your order status report. I have updated some of the deliveries for the green and yellow items and added current deliveries for the items in red. Please note, there were some P.O.'s sent in after this list was initially sent to us by Cam so I have added them to the spreadsheet as well. Please have a look and let me know if you have any questions.

4

Do you have any information you can give us with regards to payment for the items in green that are here and ready to ship? Any news would be greatly appreciated.

*Modified and special order items are non-cancellable / non-returnable
*Partial orders are subject to review
*All material quoted is subject to prior sale
*SS tags are $5.00 net each extra

**Regards,**
**Greg Clark**
**PJ Valve Ltd.**
**Ph: (780)440-2373**
**Cell: (780)886-2084**
**Fax:(780)440-2385**

<image002.png>

**From:** Brad Rutledge [mailto:brutledge@lockwoodint.com]
**Sent:** February 6, 2018 2:07 PM
**To:** Greg Clark
**Cc:** Paul Antolick
**Subject:** RE: PJ VALVE ACCOUNT STATUS

Greg,

Thanks for the update, can you please confirm the delivery (in weeks after receipt of payment) for the following:

| Vendor Name | Item Desc1 | Item Desc2 | Sales Order | PO Number | Quantity Ordered | Quantity Received | Open | Average Cost | Open Value | PJ Valve S.O. | Actual Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|
| P.J. VALVE LTD (CAD) | 6.0 VELAN 900# GATE VALVE | #B14-3054P-O2TS | 77487 | 305717 | 8 | 0 | 8 | $16,746.25 | $133,970.02 | | $  ,891.0 |
| P.J. VALVE LTD (CAD) | 2.0 KITZ 150# GLOBE | 150UPAHC 2 CW12MW C.E. | 77488 | 305721 | 1 | 0 | 1 | $8,056.89 | $8,056.89 | | $  ,051.0 |
| P.J. VALVE LTD (CAD) | 8.0 SCORE HIGHSEAL 150# BFLY | FSD1508LA-2111-G 150 # | 77508 | 305722 | 4 | 0 | 4 | $2,067.33 | $8,269.32 | | $ ,579.4 |
| P.J. VALVE LTD (CAD) | 8.0 SCORE HIGHSEAL 150# BFLY | SCFSD1508LC-2111-G 150 # | 77508 | 305722 | 4 | 0 | 4 | $3,612.02 | $14,448.06 | | $4,506.0 |
| P.J. VALVE LTD (CAD) | 3.0 KITZ 300# C5 GATE | 300SCLS5CY 3" | 77542 | 305729 | 8 | 0 | 8 | $3,216.83 | $25,734.61 | | $4,013.0 |

| | | | | | | | | | | | $ | 7,714. |
| | | | | | | | | | | | $ | 1,654. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| P.J. VALVE LTD (CAD) | 2" WEY 300# KNIFE GATE | 2"/W3/WCB-17.4/S12-12/P2/T5D-B3 | 76211 | 305736 | 2 | 2 | 0 | 2 | $6,183.55 | $12,367.10 |
| P.J. VALVE LTD (CAD) | 3.0 DUOCHEK 150# WAFER CHECK | H15GCPF249IN 3" NACE | 77462 | 305713 | 2 | 2 | 0 | 2 | $1,329.44 | $2,658.89 |

**Brad Rutledge** |Inside Sales Manager
182 Turbo Drive | Sherwood Park, Alberta, Canada, T8H 2J6
**Office:** (780) 449-4077 | **Direct:** (780) 449-4077 ext: 1259 | **Fax:** (780) 449-2556
brutledge@lockwoodint.com | www.lockwoodint.com
<image003.jpg>

This email message and any attachment(s) hereto are intended for the use only by its intended recipient(s) and may contain confidential information. If you have received this email in error, please immediately notify the sender and permanently delete the original and any copy of this message and its attachments.

**From:** Greg Clark [mailto:greg.greg@pjvalve.com]
**Sent:** Tuesday, February 06, 2018 11:56 AM
**To:** Brad Rutledge
**Cc:** Paul Antolick
**Subject:** FW: PJ VALVE ACCOUNT STATUS

Hi Brad,

Linda said you were looking for a list of items ready to ship. I had sent the attached to you and Cam last Thursday but I have modified it a bit here for you. Anything highlighted in green is here and could ship right away, we would just need to finish up the paperwork and then once the wire transfer was received we could ship via Murrays or however you would like. I also updated the status for some of the items highlighted in yellow. If you have any questions please let me know.

*Modified and special order items are non-cancellable / non-returnable
*Partial orders are subject to review
*All material quoted is subject to prior sale
*SS tags are $5.00 net each extra

**Regards,**
**Greg Clark**
**PJ Valve Ltd.**
**Ph: (780)440-2373**

**Cell: (780)886-2084**
**Fax:(780)440-2385**

<image002.png>

**From:** Greg Clark
**Sent:** February 1, 2018 1:44 PM
**To:** 'Cam Wowk'; Paul Antolick
**Cc:** Brad Rutledge
**Subject:** RE: PJ VALVE ACCOUNT STATUS

Hi Cam,

Please see attached for a revised version of the table below. I added in our S.O. number and a column for the current status of each order. I also had to add a column for the "Actual Cost" and the "Actual Open Value" to reflect the dollar amounts on your orders to us. Your column "Average Cost" must be something your system gave you but it is not the prices shown on your P.O.'s to us.

Please have a look and let us know how you would like us to proceed, particularly with the orders that are here and ready to ship.

*Modified and special order items are non-cancellable / non-returnable*

*Partial orders are subject to review*

*All material quoted is subject to prior sale*

*SS tags are $5.00 net each extra*

**Regards,**
**Greg Clark**
**PJ Valve Ltd.**
**Ph: (780)440-2373**
**Cell: (780)886-2084**
**Fax:(780)440-2385**

<image002.png>

**From:** Cam Wowk [mailto:cwowk@lockwoodint.com]
**Sent:** January 31, 2018 8:56 AM
**To:** Paul Antolick
**Cc:** Greg Clark; Brad Rutledge
**Subject:** PJ VALVE ACCOUNT STATUS

Moring Paul,

Further to our conversation, Brad and I were informed yesterday that Lockwood Canada operates under the umbrella of Lockwood international.  Therefore the rules of the Chapter 11 bankruptcy petition do apply to us.

All invoices issued pre-petition (January 24, 2018) will be subject to the Bankruptcy processes, and payment is out of our immediate control.  Instructions on how to file a claim will be issued by our legal team.  Lockwood is not insolvent.  We have a dispute with one of our banks and filing was a strategic decision.  This decision was made to protect Lockwood and our customers, so that we may use the tools of the court to resolve this issue.  Our primary purpose is to meet our obligations to you.  We are in the beginning stages of the process and as more information becomes available, we will pass it along.

Going forward all orders that have not yet shipped/invoiced are not restrained by the bankruptcy filing, and payment can be made.  I show the following open with you, please let me know if you will release these orders, and under what terms.

| Vendor Name | Item Desc1 | Item Desc2 | Sales Order | PO Number | Quantity Ordered | Quantity Received | Open | Average Cost |
|---|---|---|---|---|---|---|---|---|
| P.J. VALVE LTD (CAD) | 6.0 VELAN 900# GATE VALVE | #B14-3054P-OZTS | 77487 | 305717 | 8 | 0 | 8 | $16,7 |
| P.J. VALVE LTD (CAD) | 2.0 KITZ 150# GLOBE | 150UPAHC 2 CW12MW C.E. | 77488 | 305721 | 1 | 0 | 1 | $8,0 |
| P.J. VALVE LTD (CAD) | 8.0 SCORE HIGHSEAL 150# BFLY | FSD1508LA-2111-G 150 # | 77508 | 305722 | 4 | 0 | 4 | $2,0 |
| P.J. VALVE LTD (CAD) | 8.0 SCORE HIGHSEAL 150# BFLY | SCFSD1508LC-2111-G 150 # | 77508 | 305722 | 4 | 0 | 4 | $3,6 |
| P.J. VALVE LTD (CAD) | 3.0 KITZ 300# CS GATE | 300SCL5SCY 3" | 77542 | 305729 | 8 | 0 | 8 | $3,2 |
| P.J. VALVE LTD (CAD) | 2" WEY 300# KNIFE GATE | 2"/W3/WCB-17.4/S12-12/P2/T5D-B3 | 76211 | 305736 | 2 | 0 | 2 | $6,1 |
| P.J. VALVE LTD (CAD) | 1" VELAN 2000# BALL VALVE | S05-B0202-SSEA | 77444 | 305701 | 3 | 0 | 3 | $8 |
| P.J. VALVE LTD (CAD) | 3.0 DUOCHEK 150# WAFER CHECK | H15GCPF2491N 3" NACE | 77462 | 305713 | 2 | 0 | 2 | $1,3 |
| P.J. VALVE LTD (CAD) | 10.0 VELAN 300# GATE | F-1064C-04TS | 77337 | 305675 | 1 | 0 | 1 | $12,7 |
| P.J. VALVE LTD (CAD) | 3.0 ORBIT 150# BALL VALVE | #1123H RF | 77339 | 305676 | 1 | 0 | 1 | $3,9 |
| P.J. VALVE LTD (CAD) | 10.0 CRANE 300# WAFER CHECK | FIG NO: H30GCPF2-491-N | 77353 | 305684 | 1 | 0 | 1 | $7,3 |
| P.J. VALVE LTD (CAD) | 10.0 CRANE 300# WAFER CHECK | FIG NO: H30GCPF2-491-N | 77353 | 305684 | 1 | 0 | 1 | $7,30 |
| P.J. VALVE LTD (CAD) | 3/16 RCK ROTO HAMMER | RETAINING CABLE KIT | 77393 | 305689 | 3 | 0 | 3 | $8 |
| P.J. VALVE LTD (CAD) | 4.0 VANESSA 300# BUTTERFLY | MFFBC10DC2AAA100BB | 76151 | 305669 | 1 | 0 | 1 | $2,7 |
| P.J. VALVE LTD (CAD) | 2.0 KLOK 150# WAFER LUG BFLY | 020 362 CSS1T5G 0 | 77290 | 305649 | 1 | 0 | 1 | $9 |
| P.J. VALVE LTD (CAD) | 8.0 LADISH 150# GATE | #8275-1052-GG01-A80 | 77248 | 305617 | 2 | 0 | 2 | $5,5 |
| P.J. VALVE LTD (CAD) | 14.0 VELAN 300# GATE | F-1064C-04TS | 77194 | 305599 | 2 | 0 | 2 | $23,3 |
| P.J. VALVE LTD (CAD) | 14.0 KITZ 300# GATE | 300SCL5SCY | 77194 | 305599 | 2 | 0 | 2 | $24,6 |
| P.J. VALVE LTD (CAD) | 4"X3"X4" DURCO 300# PLUG VALVE | DUD-003-FIG431CB10T0M33A | 77196 | 305600 | 2 | 0 | 2 | $5,4 |
| P.J. VALVE LTD (CAD) | 1.0 YARWAY 3948-3928 UNIT | TANDEM BLOW OFF RH CL300 1"FL. | 77207 | 305609 | 1 | 0 | 1 | $9,9 |
| P.J. VALVE LTD (CAD) | 10.0 ALLEN SHERMAN OFF | T-KGV10SSCLPAH-FP | 77096 | 305557 | 1 | 0 | 1 | $8,5 |
| P.J. VALVE LTD (CAD) | 10.0 ALLEN SHERMAN OFF | T-KGV10SSCLPAH-FP | 77096 | 305554 | 1 | 0 | 1 | $8,5 |

8

| P.J. VALVE LTD (CAD) | 1/4" WKM 3000# BALL VALVE | B138-CS3-43-S2 | 77077 | 305539 | 4 | 0 | 4 | $5… |
| P.J. VALVE LTD (CAD) | 3.0 DEZURIK 150# BUTTERFLY | BOS,3,US,L1,DI,EPDM | 76935 | 305505 | 1 | 0 | 1 | $7… |
| P.J. VALVE LTD (CAD) | 10.0 NEWCO 300# GATE | 13F-CSJ/3 | 76875 | 305488 | 1 | 0 | 1 | $10.8… |
| P.J. VALVE LTD (CAD) | 20.0 NEWAY 150# GATE        10 | G1RC16-RF-LCC-16-NACE-BG W/EZ4 | 76600 | 305406 | 3 | 0 | 3 | $10.0… |
| P.J. VALVE LTD (CAD) | .5 BONNEY 800# GATE RP WB CAT1 | WL-12-S/T-A105N-5-SWXTHD-NACE | 76531 | 305377 | 49 | 0 | 49 | $1… |
| P.J. VALVE LTD (CAD) | .5 BONNEY 800# GATE RP WB CAT1 | WL-12-S-A105N-5-SW-NACE | 76457 | 305350 | 52 | 0 | 52 | $1… |
| P.J. VALVE LTD (CAD) | 1/2" MARSH 10,000# NEEDLE        3 | #VHS-FFG-12 | 75075 | 304874 | 7 | 3 | 4 | $1… |
| P.J. VALVE LTD (CAD) | 14.0 KITZ 300# GATE VALVE | 300SCLSSCY | 73818 | 304466 | 1 | 0 | 1 | $26,6… |

**Cam Wowk** | Regional Sales Manager
182 Turbo Drive | Sherwood Park, Alberta, Canada, T8H 2J6
**Office:** (780) 449-4077 | **Direct:** (780) 449-4077 ext: 1210 | **Fax:** (780) 449-2556
cwowk@lockwoodint.com | www.lockwoodint.com

<image004.jpg>

This email message and any attachment(s) hereto are intended for the use only by its intended recipient(s) and may contain confidential information. If you have received this email in error, please immediately notify the sender and permanently delete the original and any copy of this message and its attachments.

<Report_from_PJ_Valve_Ltd..pdf>

<Report_from_PJ_Valve_Ltd..pdf>

<mime-attachment>

9