## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § | |
| | § | Case No. 18-30197 (DRJ) |
| Debtors. | § | |
| | § | Jointly Administered |
| | § | |
| | § | |

### DEBTORS' APPLICATION PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ZIMMERMAN, AXELRAD, MEYER, STERN & WISE, P.C. AS SPECIAL CORPORATE COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATES

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Lockwood Holdings, Inc. and certain of its affiliates, the above-captioned debtors and debtors in possession (the "Debtors"), file this Application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Zimmerman, Axelrad, Meyer, Stern & Wise, P.C. ("ZAMSW" or the "Firm") as their special corporate counsel, effective as of their respective petition dates.  In support of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

Application, the Debtors submit the declaration of Mark E. Wise, a shareholder at ZAMSW (the "Wise Declaration"), which is attached hereto as **Exhibit B** and the declaration of Mark Shapiro, Chief Restructuring Officer of the Debtors (the "Shapiro Declaration"), which is attached hereto as **Exhibit C**.  In further support of this Application, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

3.      Pursuant to section 327(e) of the Bankruptcy Code, the Debtors seek the entry of an order authorizing the retention and employment of ZAMSW as their special corporate counsel, effective as of the Petition Dates.[2]

4.      The bases for the relief requested herein are sections 327(e), 329, 504, and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 9003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the United States Bankruptcy Court for the Southern District of Texas Procedures for Complex Chapter 11 Cases (the "Complex Case Procedures").

## PROCEDURAL HISTORY

5.      On January 18, 2018 (the "First Petition Date"), Lockwood Holdings, Inc., LH Aviation, LLC, and Piping Components, Inc. (collectively, the "January 18 Debtors") filed

---

[2] The Debtors seek to employ ZAMSW as of the First Petition Date as to the January 18 Debtors and as of the Second Petition Date as to the January 24 Debtors.

voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 24, 2018 (the "Second Petition Date," and together with January 18, 2018, the "Petition Dates"), Lockwood International, Inc., Lockwood Enterprises, Inc., LMG Manufacturing, Inc., and 7807 Eagle Lane, LLC (collectively, the "January 24 Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.     Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors each remain in possession of their property and each is managing its business as a debtor in possession.  No trustee, examiner, or official committee has been appointed.

## SERVICES TO BE PROVIDED

7.     Subject to further order of the Court, the Debtors request the retention and employment of ZAMSW to provide the Debtors general corporate counsel, including maintaining governing documents, resolutions and minute books and providing advice and work on all manner of contracts and transactions for various Lockwood entities (collectively, the "Special Corporate Counsel Matters").

8.     ZAMSW was engaged by the Debtors prepetition for the primary purpose of assisting the Debtors with general corporate counsel matters.  Indeed, ZAMSW has been advising the Debtors on corporate matters since 1994.  Further, Mark. E. Wise has assisted with general corporate counsel matters for certain of the Debtors since approximately 1978.

9.     ZAMSW will work closely with the Debtors' general bankruptcy counsel, Gray Reed & McGraw LLP and any other professionals that are retained during the term of the engagement, to ensure that there will not be any duplication of effort.  The Debtors believe that the employment and retention of ZAMSW as counsel is necessary and in the best interests of the Debtors' estates.

3

## ZAMSW'S QUALIFICATIONS

10.     The Debtors seek to retain ZAMSW because of ZAMSW's (i) experience representing the Debtors in general corporate matters, (ii) institutional knowledge with respect to the Special Corporate Counsel Matters, and (iii) strong working relationship with the Debtors.  In light of the foregoing, the Debtors believe that ZAMSW is well qualified and uniquely able to provide the legal services sought by the Debtors in connection with the Special Corporate Counsel Matters.

## PROFESSIONAL COMPENSATION

11.     As set forth in the Wise Declaration, ZAMSW intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

12.     ZAMSW's current customary hourly rates generally range from $180.00 to $185.00 per hour for paralegals, $385.00 to $205.00 per hour for associates, $385.00 to $295.00 per hour for members and $565.00 to $355.00 per hour for shareholders. Hourly rates are periodically adjusted in the normal course of the Firm's business, often due to the increased experience of a particular professional.  The attorneys primarily responsible for this engagement and their respective standard hourly rates are as follows: Mark E. Wise, shareholder: $490.00 per hour; Carmellia C. Boyer, Shareholder: $355 per hour, Jeff A. Lin, Member: $295 per hour, Brian C. Poldrack, Member: $330 per hour.   These persons will be assisted by other professionals and paraprofessionals at ZAMSW as necessary.

4

13.     ZAMSW's hourly rates are set at a level designed to compensate ZAMSW fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned and are subject to periodic adjustments to reflect economic and other conditions.  These hourly rates are consistent with the rates that ZAMSW charges other nonbankruptcy clients, regardless of their location. Moreover, the rate structure is appropriate and not significantly different from (a) the rates ZAMSW charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work ZAMSW will perform in these cases.

14.     It is ZAMSW's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also ZAMSW's policy to charge its clients only the amount actually incurred by ZAMSW in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

15.     Pursuant to Bankruptcy Rule 2016(b), ZAMSW has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the shareholders, associates, and contract attorneys associated with ZAMSW or (b) any compensation another person or party has received or may receive, other than as permitted pursuant to section 504 of the Bankruptcy Code.  The proposed engagement is not prohibited by Bankruptcy Rule 5002.

## COMPENSATION RECEIVED BY ZAMSW FROM THE DEBTORS

16.     The Debtors owe ZAMSW approximately $275,000 for legal services rendered

5

before the Petition Date.  However, the Bankruptcy Code does not require that counsel retained under 327(e) be "disinterested."  *In re EBW Laser, Inc.*, 333 B.R. 351 (Bankr. M.D.N.C. 2005). If counsel does not have an interest adverse to the estate, courts may allow the employment of special counsel with prepetition claims.  *In re Graves*, 2008 WL 4179530 (Bankr. S.D. Tex. 2008).

17.     ZAMSW does not hold a prepetition retainer from the Debtors and plans to file a proof of claim for the amounts owing as of the Petition Dates.

## ZAMSW'S CONNECTIONS

18.     To the best of the Debtors' knowledge and as disclosed herein and in the Wise Declaration, ZAMSW does not hold or represent an interest adverse to the Debtors' estates. Furthermore, to the best of the Debtors' knowledge, and upon the Wise Declaration, ZAMSW has no connection to any creditor or other parties in interest, of the United States Trustee, except as may be disclosed in the Wise Declaration.

19.     ZAMSW will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, ZAMSW will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## ARGUMENT & AUTHORITY

20.     The Debtors seek retention of ZAMSW as their special corporate counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to court approval:

6

[M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(a).

21.     Bankruptcy Rule 2014(a) requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014.

22.     In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, In*c., 323 B.R. 403, 406 (Bankr. D. Del. 2005); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) ("where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

23.     The Debtors submit that for all the reasons stated above and in the Wise Declaration, ZAMSW has no interest adverse to the estate, the requirements for ZAMSW's retention under section 327(e) of the Bankruptcy Code have been fully satisfied, and that approval of the Application is in the best interest of the Debtors and their estates.

## NOTICE

24.     The Debtors will provide notice of this Application to (i) the Office of the United States Trustee for the Southern District of Texas, (ii) counsel to Wells Fargo as agent for the Debtors' prepetition secured lenders and (iii) all other persons who have filed a notice of appearance and request for service of documents.  Under Bankruptcy Local Rule 9003-1 and in light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

25.     No prior request for the relief sought in this application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested herein and (ii) granting such other relief as is just and proper.

[*Intentionally left blank—signature page follows.*]

Respectfully submitted this 20th day of February, 2018.

**GRAY REED & McGRAW LLP**

By:  */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:      jbrookner@grayreed.com

-and-

    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:     lwebb@grayreed.com

**PROPOSED COUNSEL TO THE DEBTORS**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 20th day of February, 2018, he caused a true and correct copy of the foregoing pleading to be served via CM/ECF on all parties who have subscribed for electronic notice in this case, and via electronic mail on the Office of the United States Trustee and counsel to Wells Fargo.

     */s/ Jason S. Brookner*_____
     *Jason S. Brookner*

**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § § | Case No. 18-30197 (DRJ) |
| Debtors. | § § § § | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
ZIMMERMAN, AXELRAD, MEYER, STERN & WISE, P.C. AS SPECIAL
CORPORATE COUNSEL TO THE DEBTORS PURSUANT TO SECTION 327(e)
OF THE BANKRUPTCY CODE, EFFECTIVE AS OF THE PETITION DATES**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for the entry of an order authorizing the Debtors to retain

and employ Zimmerman, Axelrad, Meyer, Stern & Wise, P.C. ("ZAMSW") as special corporate

counsel effective as of the Petition Dates, pursuant to sections 327(e) of title 11 of the United

States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the

Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"); and

the Court having reviewed the Application, the Wise Declaration, and the Shapiro Declaration;

and the Court having jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334;

and the Application presenting a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue

of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

and 1409; and the Court having found based on the representations made in the Application and in the Wise Declaration, that ZAMSW does not hold or represent an interest adverse to the Debtors' estates as required by section 327(e) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and adequate and appropriate notice of the Application having been given under the circumstances and that no other or further notice being required; and the Court having found that the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** as follows:

1.      The Application is granted as provided herein.

2.      The Debtors are authorized to retain and employ ZAMSW as special corporate counsel as of the Petition Dates in accordance with section 327(e) of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules on the terms and conditions set forth herein.

3.      ZAMSW shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  ZAMSW shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST

Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by ZAMSW in these chapter 11 cases.

4.      ZAMSW is authorized to provide the Debtors, as may be requested, with services for the Special Corporate Counsel Matters as detailed in the Application.

5.      ZAMSW shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals.

6.      The Debtors and ZAMSW are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      To the extent the Application, the Wise Declaration, or the Shapiro Declaration, is inconsistent with this Order, the terms of this Order shall govern.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed on _____, 2018.**

_____
**HONORABLE DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

3

**<u>Exhibit B</u>**

**Wise Declaration**

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § | |
| | § | Case No. 18-30197 (DRJ) |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |

**DECLARATION OF MARK E. WISE IN SUPPORT OF THE
DEBTORS' APPLICATION PURSUANT TO SECTION 327(e) OF THE
BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF ZIMMERMAN, AXELRAD, MEYER,
STERN & WISE, P.C. AS SPECIAL CORPORATE COUNSEL TO THE DEBTORS
EFFECTIVE AS OF THE PETITION DATES**

Mark E. Wise declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a shareholder of the law firm of Zimmerman, Axelrad, Meyer, Stern & Wise, P.C. ("ZAMSW" or the "Firm").  ZAMSW maintains offices 3040 Post Oak Blvd., Suite 1300 Houston, TX 77056-6560.  I am a member in good standing of the Bar of the State of Texas, and I have been admitted to practice in the United States District Court for the Southern District of Texas.  There are no disciplinary proceedings pending against me.

2.     I submit this declaration ("Declaration") in support of the *Debtors' Application Pursuant to Section 327(e) of the Bankruptcy Code for Entry of an Order Authorizing the Retention and Employment of Zimmerman, Axelrad, Meyer, Stern & Wise, P.C. as Special Corporate Counsel to the Debtors Effective as of the Petition Dates* (the "Application").[2]

3.     I have personal knowledge of the facts set forth herein unless otherwise indicated.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

To the extent any information disclosed herein requires amendment or modification, I will submit a supplemental declaration.

4.     Neither I, ZAMSW, nor any lawyer at the Firm represents any entity (or its attorneys or accountants) other than Lockwood Holdings, Inc. and certain of its related affiliates (collectively, the "Debtors") in connection with the above-captioned chapter 11 cases.  ZAMSW has been general corporate counsel to the Debtors since 1994.  Further, I have assisted with general corporate counsel matters for certain of the Debtors since approximately 1978.

## SERVICES TO BE PROVIDED

5.     Subject to further order of the Court, the Debtors request the retention and employment of ZAMSW to provide the Debtors, as may be requested, among other things, general corporate counsel, including maintaining governing documents, resolutions and minute books and providing advice and work on all manner of contracts and transactions for various Lockwood entities (collectively, the "Special Corporate Counsel Matters").

6.     ZAMSW was engaged by the Debtors prepetition for the primary purpose of assisting the Debtors with general corporate counsel matters.

7.     In matters for which it is retained, ZAMSW will work closely with the Debtors' general bankruptcy counsel, Gray Reed & McGraw LLP, and any other professionals that are retained during the term of the engagement, to avoid any duplication of efforts.  The Debtors believe that the employment and retention of ZAMSW as counsel is necessary and in the best interests of the Debtors' estates.

## ZAMSW'S QUALIFICATIONS

8.     The Debtors seek to retain ZAMSW because of ZAMSW's expertise in general corporate matters.  Furthermore, ZAMSW has served as general corporate counsel to the Debtors

2

for the Special Corporate Counsel Matters prior to the Petition Dates, since 1994.  Over the course of its engagement with the Debtors, ZAMSW has developed critical institutional knowledge with respect to the Special Corporate Counsel Matters, and has established a strong working relationship with the Debtors.

26.     In light of the foregoing, the Debtors believe that ZAMSW is well qualified and uniquely able to provide the legal services sought by the Debtors in connection with the Special Corporate Counsel Matters.

## PROFESSIONAL COMPENSATION

9.     ZAMSW intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

10.     ZAMSW's current customary hourly rates generally range from $180.00 to $185.00 per hour for paralegals, $385.00 to $205.00 per hour for associates, $385.00 to $295.00 per hour for members and $565.00 to $355.00 per hour for shareholders.  Hourly rates are periodically adjusted in the normal course of the Firm's business, often due to the increased experience of a particular professional.  The attorneys primarily responsible for this engagement and their respective standard hourly rates are as follows: Mark E. Wise, shareholder: $490.00 per hour; Carmellia C. Boyer, Shareholder: $355 per hour, Jeff A. Lin, Member: $295 per hour, Brian C. Poldrack, Member: $330 per hour.   These persons will be assisted by other professionals and paraprofessionals at ZAMSW as necessary.

3

11.     ZAMSW's hourly rates are set at a level designed to compensate ZAMSW fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned, and are subject to periodic adjustments to reflect economic and other conditions.  These hourly rates are consistent with the rates that ZAMSW charges other nonbankruptcy clients, regardless of their location. Moreover, the rate structure is appropriate and not significantly different from (a) the rates ZAMSW charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work ZAMSW will perform in these cases.

12.     It is ZAMSW's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also ZAMSW's policy to charge its clients only the amount actually incurred by ZAMSW in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

13.     Pursuant to Bankruptcy Rule 2016(b), ZAMSW has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the shareholders, associates, and contract attorneys associated with ZAMSW or (b) any compensation another person or party has received or may receive, other than as permitted pursuant to section 504 of the Bankruptcy Code. The proposed engagement is not prohibited by Bankruptcy Rule 5002.

**COMPENSATION RECEIVED BY ZAMSW FROM THE DEBTORS**

14.     Prior to the Petition Dates ZAMSW was not paid a retainer.  However, ZAMSW may have claims for prior fees due to their prepetition representation of the Debtors.  As of the Petition Date, ZAMSW believes that the Debtors owe ZAMSW approximately $275,000 for legal services rendered before the Petition Date.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

15.     ZAMSW shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  ZAMSW also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective As of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by ZAMSW in these chapter 11 cases.

16.     **Attorney Statement Pursuant to Revised UST Guidelines:** The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

    a.     Question:  Did ZAMSW agree to any variations from, or alternatives to, ZAMSW's standard billing arrangements for this engagement?
           Answer: No.

    b.     Question:  Do any of the ZAMSW professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

5

<span style="margin-left:2em;">Answer: No.  The hourly rates used by ZAMSW in representing the Debtors are consistent with the rates that ZAMSW charges other comparable clients, regardless of their location.</span>

c.    Question: If ZAMSW has represented the Debtors in the 12 months prepetition, disclose ZAMSW's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If ZAMSW's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Answer:  ZAMSW's rates and terms for its prepetition engagement is otherwise detailed in the Application and this declaration, and has not changed postpetition.  In accordance with ZAMSW's long-time practice every year, ZAMSW's standard hourly rates were last adjusted slightly higher effective January 1, 2018.

d.    Question:  Have the Debtors approved ZAMSW's budget and staffing plan, and, if so, for what budget period?

Answer: ZAMSW and the Debtors have discussed and have agreed to further disucss ZAMSW's estimated fees and expenses and staffing related to these matters.  ZAMSW and the Debtors expect to develop a prospective budget and staffing plan for an initial period from the Petition Date to April 30, 2018, which would subsequently be amended and extended through the duration of these cases.

## ZAMSW'S CONNECTIONS

17.    Following the Debtor's selection of ZAMSW as special corporate counsel in these cases, ZAMSW conducted a comprehensive computerized conflicts check of the parties-in-interest (that ZAMSW was able to locate using its reasonable efforts) to ensure it was not precluded from representation herein.  Based on my review of the results of the conflicts check, I am confident that (a) ZAMSW does not have any connection with the Debtors, their creditors, or with any parties-in-interest, or with their attorneys and accountants, or with the Office of the United States Trustee, or with any personnel employed in the Office of the United States Trustee that would disqualify the Firm, and (b) ZAMSW does not now hold or represent any interest adverse to the Debtors or their estates in matters upon which the Firm is to be engaged.

6

18.     More specifically, ZAMSW obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest"), which are listed on **Schedule 1** hereto.   In preparing this Declaration, either I or someone under my supervision and direction searched ZAMSW's client database to determine whether ZAMSW had any relationships with the groups of persons and entities listed on **Schedule 1**.

19.     Listed on **Schedule 2** to this declaration are the results of ZAMSW's conflicts searches of the above-listed entities.  For the avoidance of doubt, ZAMSW will not commence a cause of action in these chapter 11 cases against the entities listed on Schedule 2 that are current clients of ZAMSW unless ZAMSW has an applicable waiver on file or first receives a waiver from such entity allowing ZAMSW to commence such an action.  To the extent that a waiver does not exist or is not obtained from such entity and it is necessary for the Debtors to commence an action against that entity, the Debtors will be represented in such particular matter by other counsel.

20.     From time to time, ZAMSW may have referred work to other professionals to be retained in these chapter 11 cases.  Likewise, certain such professionals may have referred work to ZAMSW.   Certain professionals in this case may have participated in mediations with ZAMSW in matters wholly unrelated to these chapter 11 cases.

21.     Additionally, as specifically set forth in **Schedule 2**, ZAMSW and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, certain of the Debtors' creditors or other entities that may be parties in interest in ongoing matters unrelated to the Debtors and these chapter 11 cases.  None of the representations described herein are materially adverse to the interests of the Debtors' estates.

7

Moreover, pursuant to section 327(c) of the Bankruptcy Code, ZAMSW is not disqualified from acting as the Debtors' counsel merely because it represents certain of the Debtors' creditors or other entities that may be parties in interest in matters unrelated to these chapter 11 cases.

22.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, ZAMSW, nor any partner or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of Texas, as it relates to the Special Corporate Counsel Matters, except as disclosed or otherwise described herein.  To the best of my knowledge and insofar as I have been able to ascertain, (a) ZAMSW does not hold or represent an interest adverse to the Debtors' estates and (b) ZAMSW has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

23.     The Firm possesses a pre-petition claim for unpaid legal fees and plans to file a Proof of Claim with respect to such legal fee.

24.     The Firm provided pre-petition legal services to the Debtors.

25.     ZAMSW will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, ZAMSW will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

26.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Houston, Texas on this 20th day of February, 2017.

By: */s/ Mark E. Wise*
     Mark E. Wise

9

## Schedule 1

### List of Entities Searched

**Debtor and counsel:**
Lockwood Enterprises, Inc.
Lockwood International, Inc.
LMG Manufacturing, Inc.
Piping Components, Inc.
Lockwood Holdings, Inc.
LH Aviation, LLC
7807 Eagle Lane, LLC

Gray Reed & McGraw LLP (Debtors' Counsel)
Spagnoletti & Co (Special Counsel)
GlassRatner Advisory & Capital Group LLC
and Mark Shapiro (CRO)

**Secured Lenders and counsel:**
Wells Fargo Bank, N.A.
Trustmark National Bank
Winstead PC

**Top 30 Consolidated Creditors:**
Allied Fitting LP
PK Valve
Orion Spa
Associated Valve
Poyam Valves
Global Stainless Supply
COR-PRO Sys. Operating, Ltd.
Pusan Pipe America Inc.
Perar S.P.A.
Flowserve – Raleigh
TIV Valves SRL
Zimmerman, Axelrad, Meyer
Ilshin Forged Steel Valve Co.
TIV Vavles SRL
Harris County Tax Assessor-Collector
J.D. Fields & Company Inc.
Truflo Rona SRL
Canada Revenue Agency
Jiangsu YDF Valve Co Ltd.
Truflo Rona SRL

**Sole Shareholder & CEO:**
Michael F. Lockwood

**Related Entities:**
LMG IC-DISC, Inc.
Lockwood PVF Canada Inc.
Netherlands
Lockwood Valve Australia PTY LTD
Lockwood Valve Thailand LTD
TIV Valves, Inc. formerly Italian Valves
International, Inc.
TIV Holdings S.A.
TIV Valves SRL
MFL Properties, LLC

Briggs & Veselka Co.
LVF Valve Solutions
TWC – The Valve Company
Hadassah Realty
O.M.B. – Italy
USI Southwest
Sherwood Pointe LLC
Orton Italiana SRL
VALVOSIDER
Tri-State Supply Co.

**Individuals Employed in the Office of the US
Trustee for Region 7 in Houston:**
Diane Livingstone
Jacqueline Boykin
Hector Duran
Barbara Griffin
Luci Johnson-Davis
Christine March
Linda Motton
Glenn Otto
Patricia Schmidt
Gwen Smith
Stephen Statham
Clarissa Waxton

## <u>Schedule 2</u>

**Conflict Search Results**

## **Conflict Search Results**

1.       ZAMSW has represented Mike Lockwood, the Chief Executive Officer of the Debtors and his brother, Tom Lockwood, a creditor of the Debtors, in the past.  ZAMSW has not and will not represent Mike or Tom Lockwood in connection with any matter related to the Debtors or these chapter 11 cases.

2.       Mark Wise is a co-trustee for an insurance trust established by Mike Lockwood.

3.       Mark Wise is currently named as a co-executor in Mike Lockwood's will.

4.       Additionally, as described in greater detail in the Wise Declaration, the Debtors owe ZAMSW for prepetition services.

## Exhibit C

**Shapiro Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § § | Case No. 18-30197 (DRJ) |
| Debtors. | § § § § | (Jointly Administered) |

**DECLARATION OF MARK SHAPIRO IN SUPPORT OF THE
DEBTORS' APPLICATION PURSUANT TO SECTION 327(e) OF THE
BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF ZIMMERMAN, AXELRAD, MEYER,
STERN & WISE, P.C. AS SPECIAL CORPORATE COUNSEL TO THE DEBTORS
<u>EFFECTIVE AS OF THE PETITION DATES</u>**

Mark Shapiro declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Chief Restructuring Officer for Lockwood Holdings, Inc. and certain of its affiliates (collectively, the "<u>Debtors</u>"), the above captioned debtors and debtors in possession. I am a senior managing director of GlassRatner Advisory & Capital Group, LLC.  My office is located at 3500 Maple Avenue, Suite 350, Dallas, TX 75219.

2.      I submit this declaration ("<u>Declaration</u>") pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 and in support of the *Debtors' Application Pursuant to Section 327(e) for Entry of an Order Authorizing the Retention and Employment of Zimmerman, Axelrad, Meyer, Stern & Wise, P.C. as Counsel to the Debtors Effective as of the Petition Dates* (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and 7807 Eagle Lane, LLC (7382).

"Application").[2]  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience in my role as an officer and director of the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.  To the extent any information disclosed herein requires amendment or modification, I will submit a supplemental declaration.

3.     I have been informed that the Debtors recognize that a careful selection should be made when selecting and managing any counsel acting for debtors in a chapter 11 case to ensure that such counsel are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.  Here, Zimmerman, Axelrad, Meyer, Stern & Wise, P.C. ("ZAMSW") was retained by the Debtors for a non-bankruptcy engagement, and ZAMSW was subjected to the same client-driven market forces and scrutiny when first engaged that the Bankruptcy Code seeks to achieve now.

4.     I am informed that the Debtors initially retained ZAMSW because of its extensive experience in general corporate matters.  Given ZAMSW's established working relationship with the Debtors and its familiarity with the Special Corporate Counsel Matters, the Debtors have determined that it is in their best interest, as well as in the best interests of the Debtors' estates and creditors, to continue engaging ZAMSW with respect to the Special Corporate Counsel Matters.

5.     In my capacity as Chief Restructuring Officer and an authorized representative for the Debtors, I was informed about the terms of ZAMSW's initial engagement.  The contemplated engagement continues ZAMSW's engagement on the same terms as prior to the Petition Dates,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

subject only to reductions in ZAMSW's entitlement to reimbursement for disbursements as may be necessary to conform to guidelines imposed by the Bankruptcy Court.  ZAMSW has advised me that it will inform the Debtors and the office of the United States Trustee of any adjustment to its existing rate structure.

6.      I understand that ZAMSW's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by, among other parties, the U.S. Trustee, the Debtors, and any official committee appointed in these Chapter 11 Cases, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other orders of the Court governing the procedures for approval of interim compensation of professionals retained in these Chapter 11 Cases

7.      As Chief Restructuring Officer of the Debtors and an authorized representative for the Debtors, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I intend to personally review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In so doing, I intend to ensure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.  I am informed that the aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy cases.  Moreover, ZAMSW has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by ZAMSW.

8.      Additionally, on behalf of the Debtors, I understand that I may be responsible for approving a prospective staffing plan, which ZAMSW will prepare and present to the Debtors.  I

3

will continue to review the invoices that the Debtors submit and, together with ZAMSW, amend such invoices as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Dallas, Texas on this 20th day of February, 2017.

By: */s/ Mark Shapiro*
                 Mark Shapiro

4