

ENTERED
03/07/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LOCKWOOD HOLDINGS, INC., *et al.*,[1] | § | Case No. 18-30197(DRJ) |
| | § | (Chapter 11) |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

**AGREED ORDER ON WELLS FARGO EQUIPMENT FINANCE, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**
[This instrument relates to Docket No. 60]

Upon the Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 60] (the "Motion") filed by Wells Fargo Equipment Finance, Inc. ("WFEF") and upon the agreement (the "Agreement") between WFEF and the above-captioned debtors and debtors in possession (collectively, the "Debtors") announced at the hearing on the Motion conducted on February 21, 2018 (the "Hearing"); and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Motion presenting a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate and appropriate notice of the Motion having been given under the circumstances, and no other or further notice being required; it is therefore **ORDERED** that:[2]

1. The Motion is **GRANTED** subject to the provisions of this Agreed Order and the Agreement announced at the Hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Lockwood Holdings, Inc. (9726); LH Aviation, LLC (6984); Piping Components, Inc. (0197); Lockwood International, Inc. (8597); Lockwood Enterprises, Inc. (6504); LMG Manufacturing, Inc. (9468); and, 7807 Eagle Lane, LLC (7382) (collectively, the "Debtors").

[2] Unless otherwise noted herein, all undefined capitalized terms appearing in this Agreed Order shall have the meaning(s) ascribed to such terms as set forth in the Motion.

2. The Agreement set forth on the record at the Hearing is hereby approved, and the parties are directed and authorized to perform in accordance therewith.

3. The Debtors shall agree to a storage and maintenance proposal for the Aircraft Collateral provided by Embraer (or another vendor of WFEF's choosing) and the Aircraft Collateral shall remain in Fort Lauderdale, FL, except as otherwise required to conduct a demonstrative test-flight for a prospective purchaser of the Aircraft Collateral, which demonstrative test-flight must be approved by WFEF, and which approval shall not be unreasonably withheld. Furthermore, any such prospective purchaser of the Aircraft Collateral desiring to conduct a demonstrative test flight shall bear all maintenance, flight, fuel, piloting, and other costs, if any, customarily associated with such demonstrative test-flight, including costs associated with bringing the Aircraft Collateral to and returning the Aircraft Collateral back to Fort Lauderdale, FL from any demonstrative test-flight that is not conducted in Fort Lauderdale, FL.

4. WFEF and/or its agents may communicate directly with the storage and maintenance vendor(s) (*i.e.*, Embraer, Honeywell, *et al.*) and receive periodic updates regarding the maintenance and condition of the Aircraft Collateral directly from such vendors. Furthermore, WFEF shall fund any customary maintenance and storage costs, and such other reasonable costs and expenses associated with the preservation and maintenance of the Aircraft Collateral, except such costs associated with conducting demonstrative test-flights for prospective purchasers.

5. Unless WFEF and the Debtors agree otherwise, the Aircraft Collateral shall not be flown except to: (i) conduct customary maintenance; (ii) conduct a demonstrative test-flight for a prospective purchaser, as approved by WFEF, which approval shall not be unreasonably

withheld; or, (iii) transport the Aircraft Collateral to and from the location of demonstrative test-flight for a prospective purchaser, as approved by WFEF.

6. By no later than March 9, 2018, the Debtors shall request permission from this Court to engage a broker (either Jet Aviva or Jetcraft) to market and sell the Aircraft Collateral, provided, however, that WFEF may communicate directly with such engaged broker, and such engaged broker shall, within twenty-four (24) hours of WFEF's request, provide WFEF with written updates regarding the sale process.

7. Based on the stipulation of the Debtors and WFEF, WFEF shall have an allowed, secured claim in the amount of no less than approximately **$13,474,657.43** as of the First Petition Date (the "WFEF Claim") secured by valid, perfected, first priority liens on the Aircraft Collateral and the proceeds therefrom (the "WFEF Liens").[3] Furthermore, the amount of any expenses incurred, interest accrued, and/or fees assessed by WFEF pursuant to the Loan Documents since the Petition Dates, including reasonable professional fees and costs associated with, without limitation, brokers, appraisers, and other examiners engaged by WFEF, shall be afforded treatment as a superpriority, administrative expense claim, with a priming lien as set forth under 11 U.S.C. § 364(c)(1), with priority in payment over any and all administrative

---

[3] Notwithstanding anything to the contrary herein, this Agreed Order is without prejudice to, and shall not limit, release, or impair, the rights of the Official Committee of Unsecured Creditors formed in these Bankruptcy Cases (the "Committee") to contest the amount of the WFEF Claim; *provided, however*, that within twenty-one (21) days after the entry of this Agreed Order (the "Document Production Deadline"), WFEF shall provide to the Committee documentation substantiating and detailing the calculation of the WFEF Claim (the "WFEF Claim Documents"), and provided further, that any challenge by the Committee to the allowed amount of the WFEF Claim must be commenced and prosecuted by way of an adversary proceeding that shall be filed within twenty (20) days after the date on which WFEF provides the WFEF Claim Documents to the Committee (the "Investigation Deadline"). Notwithstanding the foregoing, except upon further order of this court or mutual, written agreement by WFEF and the Committee, the Investigation Deadline shall not extend beyond forty (40) days after the date on which this Agreed Order is entered. The Investigation Deadline, however, may be extended by this Court for cause if a motion to extend the Investigation Deadline is filed on or before the Investigation Deadline. If an adversary proceeding is not commenced on or before the Investigation Deadline, and this Court has not approved an extension of the Investigation Deadline or WFEF and the Committee have not agreed to extend the Investigation Deadline, the Committee will be deemed to have agreed and acknowledged that the allowed amount of the WFEF Claim is as set forth in paragraph 7 of this Agreed Order, and the WFEF Claim shall not be subject to any other or further challenge by the Committee.

expenses arising under 11 U.S.C. §§ 503(b) and 507(b) (the "WFEF Admin Claim," and together with the WFEF Claim, collectively, the "WFEF Claims").[4]  Furthermore, the Debtors shall not be permitted to challenge the amount, validity, priority, or extent of the WFEF Claim or the WFEF Lien.

8. Based on the stipulation between the Debtors and Wells Fargo Bank, National Association, in its capacity as Administrative Agent ("Wells Fargo"), the allowed amount of Wells Fargo's indebtedness in connection with, without limitation, that certain Pledge and Security Agreement Joinder No. 1, dated as of August 21, 2017, in favor of Wells Fargo, and that certain Aircraft Mortgage and Security Agreement between LH Aviation, LLC and Wells Fargo, dated as of September 8, 2017 (collectively, the "Wells Fargo Loan Documents"), shall be secured by valid, perfected, second priority liens on the Aircraft Collateral and the proceeds therefrom (the "Wells Fargo Liens").

9. The Debtors shall, within twenty-four (24) hours of receipt, submit to or advise WFEF and the Committee of any expressions of interest, letters of intent, or other written offers to purchase the Aircraft Collateral received by the Debtors and/or their agents or employees, including, but not limited to, Michael Stevens.  Additionally, any sale of the Aircraft Collateral must be approved by WFEF pursuant to the terms of the Agreement.  Furthermore, the amount of any net sale proceeds in excess of the WFEF Claims, if any, shall be turned over to Wells Fargo to be applied towards the indebtedness owing in respect of the Wells Fargo Loan Documents and the Wells Fargo Liens, subject to LH Aviation, LLC's rights to request to use the same as cash

---

[4] The WFEF Admin Claim shall be subject to review by the Debtors and the Committee for reasonableness.  If the Debtors or the Committee object to any portion of the WFEF Admin Claim as unreasonable, then the portion not subject to objection shall be deemed allowed.  Any objection that cannot be resolved by the parties shall be brought before this Court for resolution.

collateral, or otherwise seek to have the same turned back over to the bankruptcy estate of LH Aviation, LLC.

10. If, within thirty (30) days after the entry of this Agreed Order, the Debtors receive an offer to purchase the Aircraft Collateral for an amount equal to or in excess of the benchmark set forth in the Agreement related to the first 30-day marketing period, then the Debtors must accept such offer, unless, subject to agreement by WFEF, the Debtors decline such offer in the exercise of their reasonable business judgment.  Furthermore, if, at any point after thirty (30) days after the entry of this Agreed Order, the Debtors receive an offer to purchase the Aircraft Collateral for an amount equal to or in excess of the benchmark set forth in the Agreement related to the second 30-day marketing period, then the Debtors must accept such offer, unless, subject to agreement by WFEF, the Debtors decline such offer in the exercise of their reasonable business judgment.

11. If no sale of the Aircraft Collateral has been approved by WFEF and completed within sixty (60) days after the date this Agreed Order is entered (the "Closing Deadline"), then the Debtors shall transfer title to the Aircraft Collateral to WFEF, or its assignee, in full satisfaction of the entire indebtedness due and owing to WFEF in connection with the Loan Documents, this Agreed Order, the Agreement, or otherwise; provided, however, that if a sale approved by WFEF is in process but not yet closed by the Closing Deadline, then the Closing Deadline shall be extended until the earlier of: (i) twenty-one (21) days after the Closing Deadline, unless WFEF agrees otherwise; or, (ii) the date that this Court enters an order approving or denying the sale of the Aircraft Collateral.

12. The automatic stay under 11 U.S.C. § 362 is modified to permit WFEF to take all steps necessary to effect and enforce the provisions of this Agreed Order, as supplemented by the Agreement announced on the record at the Hearing.

13. To the extent that the provisions of this Agreed Order conflict with the Agreement announced on the record at the Hearing, the terms of this Agreed Order shall control. Furthermore, to the extent that a dispute arises concerning the interpretation and/or enforcement of the Agreement or the Agreed Order, WFEF and the Debtors agree to not oppose a request for an expedited hearing before this Court to address the same.

14. The fourteen-day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

15. The Court retains jurisdiction over the terms of this order, the Agreement announced at the Hearing, and all matters relating thereto.

16. This Agreed Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

**Signed:  March 07, 2018.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**AGREED AS TO FORM AND ENTRY REQUESTED:**

Jason S. Brookner
**GRAY REED & McGRAW LLP**
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:   (713) 986-7100
Email: jbrookner@grayreed.com

By:    */s/ Jason S. Brookner*
         Texas Bar No. 24033684

*Counsel to the Debtors*

         -and-

Paul D. Moak
Christopher D. Johnson
Veronica F. Manning
**MCKOOL SMITH P.C.**
600 Travis, Suite 7000
Houston, Texas 77002
Tel: 713-485-7300
Fax: 713-485-7344
E-mail: pmoak@mckoolsmith.com
          cjohnson@mckoolsmith.com
          vmanning@mckoolsmith.com

By:    */s/ Christopher D. Johnson*
         Texas Bar No. 24012913

*Proposed Counsel to the Official Committee of Unsecured Creditors*

         -and-

**WINSTEAD PC**
Rakhee V. Patel – SBT # 00797213
S.D. Tex. No. 23571
Annmarie Chiarello – SBT # 24097496
S.D. Tex. No. 2936034
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)
         and

**WINSTEAD PC**
600 Travis Street
Suite 5200
Houston, Texas 77002
(713) 650-8400 (Telephone)
(713) 650-2400 (Facsimile)

By:    */s/ Sean B. Davis*
         Sean B. Davis – SBT # 24069583
         S.D. Tex. No. 1048341

**ATTORNEYS FOR WELLS FARGO EQUIPMENT FINANCE, INC.**

**AGREED ORDER REGARDING THE AUTOMATIC STAY**                                                                                                           **PAGE 7 OF 7**

4510464.1
4851-1376-3422v.8
49162-14 3/6/2018