UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| LOCKWOOD HOLDINGS, INC., § | Case No. 18-30197 |
| INC., ET AL., § | |
| § | |
| § | |
| Debtors § | CHAPTER 11 |

**SHELDON INDEPENDENT SCHOOL DISTRICT, BRAZORIA COUNTY TAX OFFICE, KLEIN INDEPENDENT SCHOOL DISTRICT, AND WALLER COUNTY TAX OFFICES' LIMITED OBJECTION TO DEBTORS' EXPEDITED MOTION PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, AND 6006 (I) FOR AN ORDER (A) APPROVING COMPREHENSIVE SALE PROCESS, (B) APPROVING BIDDING PROCEDURES AND CERTAIN BID PROTECTIONS, (C) SCHEDULING AN AUCTION AND A SALE HEARING, (D) APPROVING FORM AND MANNER OF NOTICE RELATED THERETO, (E) AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (F) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROPOSED CURE AMOUNTS WITH RESPECT THERETO AND (G) <u>GRANTING RELATED RELIEF</u>**
**(Relates to doc. #'s. 483)**

To: The Honorable David R. Jones
    Chief United States Bankruptcy Judge:

Sheldon Independent School District, Brazoria County Tax Office, Klein Independent School District, and Waller County Tax Offices' (the "Taxing Entities"), secured creditors and parties in interest, file the following limited objection to Debtors' Expedited Motion Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 (I) for an Order (A) Approving Comprehensive Sale Process, (B) Approving Bidding Procedures and Certain Bid Protections, (C) Scheduling an Auction and a Sale Hearing, (D) Approving Form and Manner of Notice Related Thereto, (E) Authorizing Sale Free and Clear of all Liens, Claims, Interests, and Encumbrances, (F) Authorizing Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases and Proposed Cure Amounts with Respect Thereto and (G) Granting Related Relief (doc. #'s 483) (the "Sale Motion"), and respectfully show as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq.* This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

## Background

2. The Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Constitution and laws of the State of Texas to levy and collect ad valorem taxes on all taxable real and business personal property within their boundaries in order to discharge their statutory functions.

3. The Taxing Entities filed claims for pre-petition ad valorem taxes assessed on real and personal property of the estate for the 2017 and 2018 tax year[1]. The Taxing Entities' claims are:

| Case No. | Claim No. | Taxing Jurisdiction | Account No. | Property Type | Tax Years | Claim Amount |
|---|---|---|---|---|---|---|
| 18-30268 | 38 | Brazoria County Tax Office | 93181360010 | Personal | 2017-2018 | $252.53 |
| | | | 93181360000 | | | $824.10 |
| 18-30197 | 113 | Brazoria County Tax Office | 21130246110 | Real Estate | 2017-2018 | $1,158.21 |
| | | | 21130246120 | | | $118.94 |
| 18-30197 | 111 | Sheldon ISD | 0401580900001 | Real Estate | 2018 | $117,611.36 |
| 18-30197 | 112 | Klein ISD | 0432180020017 | Real Estate | 2018 | $7,053.33 |
| 18-30197 | 110 | Waller County Tax Office | 528106001010000 | Real Estate | 2018 | $1,683.55 |

4. The Taxing Entities' claims are secured by unavoidable liens that are generally superior to those of other secured claims pursuant to Article VIII, Section 15 of the Texas Constitution, and Sections 32.01 and Section 32.05(b) of the Texas Property Tax Code. See also *Stanford v.*

---

[1] The 2018 claims are estimated at this time since the appraisal/assessment process for the 2018 tax year is not complete.

Butler, 826 F.2d 353 (5th Cir. 1987); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex. 1995).

5. The Taxing Entities' claims are *in solido* and attach to all tangible personal property of the estate. Universal Seismic Associates, Inc. 288 F.3d 205 (5th Cir. 2002)

6. The Taxing Entities object to the Sale Motion because it does not provide them with adequate protection for the payment of the 2017 and 2018 taxes. The proposed Asset Purchase Agreement attached to the Sale Motion provides in pertinent part with respect to the Taxing Entities' claims that:

> 9.3 Tax Prorations. As to any Purchased Assets acquired by Buyer, Seller and Buyer shall apportion the liability for property taxes and ad valorem taxes ("Periodic Taxes") for all Tax periods including but not beginning or ending on the Sale Date (the "Proration Periods"). The Periodic Taxes described in this Section 9.3 shall be apportioned between Seller and Buyer as of the Sale Date, with Buyer liable for that portion of the Periodic Taxes equal to the Periodic Tax for the Proration Period multiplied by a fraction, the numerator of which is the number of days remaining in the Proration Period including and after the Sale Date, and the denominator of which is the total number of days covered by such Proration Period. Seller shall be liable for that portion of the Periodic Taxes for the Proration Period for which Buyer is not liable under the preceding sentence. Buyer and Seller shall pay or be reimbursed for property taxes (including instances in which such property taxes have been paid before the Sale Date) on this prorated basis. If a payment on a tax bill is due after the Closing, the Party that is legally required to make such payment shall make such payment and promptly forward an invoice to the other Party for its pro rata share, if any. If the other Party does not pay the invoice within 30 calendar days of receipt, the amount of such payment shall bear interest at the rate of 6% per annum. The Party responsible for paying a tax described in this Section 9.3 shall be responsible for administering the payment of (and any reimbursement for) such Tax. For purposes of this Section 9.3, the Proration Period for ad valorem taxes and property taxes shall be the fiscal period for which such taxes were assessed by the relevant Tax jurisdiction.

7. Aside from the pro-ration provisions set forth above, The Taxing Entities are unable to find any provision for the assumption of the pre-closing taxes in the APA by the Buyer.

8. The Taxing Entities object to the Sale Motion to the extent it fails to adequately protect them with respect to the payment of the 2017 and 2018 taxes assessed on the real property and tangible personal property that are the subject of the Sale Motion, either by the establishing of a tax reserve or by providing for the assumption of the tax liens by the Buyer.

9.      To the extent the Sale Motion contemplates a credit bid, the Taxing Entities object unless such bid provides for the assumption of their tax claims in full by the Buyer, or otherwise provides adequate protect for their tax claims.

WHEREFORE, PREMISES CONSIDERED, Sheldon Independent School District, Brazoria County Tax Office, Klein Independent School District, and Waller County Tax Office respectfully request that the Court deny the Debtors' Sale Motion unless and until they are provided with adequate protection for their tax claims, and that they be granted such other and further relief, at law or in equity, as is just.

Respectfully submitted,

**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**

/s/ Owen M. Sonik
Owen M. Sonik
SBN:  18847250
Attorney in Charge for Sheldon Independent School District, Brazoria County Tax Office, Klein Independent School District, and Waller County Tax Office
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860
(713) 862-1429   Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 3rd day of August, 2018, I sent a true and correct copy of the above and foregoing Sheldon Independent School District, Brazoria County Tax Office, Klein Independent School District, and Waller County Tax Offices' limited objection to Debtors' Expedited Motion Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 (I) for an Order (A) Approving Comprehensive Sale Process, (B) Approving Bidding Procedures and Certain Bid Protections, (C) Scheduling an Auction and a Sale Hearing, (D) Approving Form and Manner of Notice Related Thereto, (E) Authorizing Sale Free and Clear of all Liens, Claims, Interests, and Encumbrances, (F) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Proposed Cure Amounts with Respect Thereto and (G) Granting Related Relief (to the following parties by the following means:

**COUNSEL FOR DEBTOR**

GRAY REED & MCGRAW LLP
Jason S. Brookner, whose email address is:        jbrookner@grayreed.com

**CHIEF RESTRUCTURING OFFICER FOR DEBTOR**

GLASSRATNER ADVISORY AND CAPITAL GROUP
Mark Shapiro, whose email address is:        mshapiro@glassratner.com

**COUNSEL TO THE COMMITTEE**

MCKOOL SMITH
Christopher D. Johnson, whose email address is:        cjohnson@mckoolsmith.com

**UNITED STATES TRUSTEE**

Hector Duran, whose email address is:        Hector.Duran.Jr@usdoj.gov

**COUNSEL TO WELLS FARGO**

WINSTEAD PC
Rakhee V. Patel, whose email address is:        rpatel@winstead.com
Sean B. Davis, whose email address is:        sdavis@winstead.com

And all other parties receiving notice via ECF e-notice.

/s/ Owen M. Sonik
Owen M. Sonik