IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

IN RE:

LOCKWOOD HOLDINGS, INC., *et al.*,

Debtor(s).

Case No. BK 18-30197 (DRJ)

Chapter 11

**PIPING & EQUIPMENT, INC.'S (I) OBJECTION TO DEBTORS' AMENDED EXPEDITED MOTION TO REJECT NON-RESIDENTIAL REAL PROPERTY LEASE (CLUTE, TEXAS); (II) OBJECTION TO DEBTORS' EXPEDITED MOTION PURSUANT TO TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, AND 6006 FOR ORDER (A) APPROVING COMPREHENSIVE SALE PROCESS, (B) APPROVING BIDDING PROCEDURES AND CERTAIN BID PROTECTIONS, (C) SCHEDULING AN AUCTION AND A SALE HEARING, (D) APPROVING FORM AND MANNER OF NOTICE RELATED THERETO, (E) AUTHORIZING SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (F) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROPOSED CURE AMOUNTS WITH RESPECT THERETO AND (G) GRANTING RELATED RELIEF; AND (III) REQUEST FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 363(E)[1]
[THIS OBJECTION RELATES TO DOC. NOS. 483 & 565]**

Piping and Equipment, Inc. ("Piping and Equipment"), a creditor and interested party in the above-captioned bankruptcy, hereby (I) objects to *Debtors' Amended Expedited Motion to Reject Nonresidential Real Property Lease (Clute, Texas)* (Doc. 565) (the "Motion to Reject"); (II) objects to *Debtors' Expedited Motion Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 For Order (A) Approving Comprehensive*

---

[1] This Objection and Request for Adequate Protection is substantially the same as *Piping and Equipment, Inc.'s (I) Objection to Debtors' Expedited Motion Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 for Order (A) Approving Bidding Procedures, (C) Scheduling an Auction and a Sale Hearing, (D) Approving Form and Manner of Notice Related Thereto, (E) Authorizing Sale Free and Clear of Liens, Claims, Interests, and Encumbrances, (F) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Proposed Cure Amounts With Respect Thereto and (G) Granted Related Relief; (II) Request for Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (III) Objection to Debtors' Amended Expedited Motion to Reject Non-Residential Real Property Lease (Clute, Texas)* (Doc. 606), which is being filed simultaneously herewith. Piping and Equipment has filed two Objections and Requests for Adequate Protection in order to link one to the Motion to Reject and link the other to the Sale Motion. Because the substance of the Objections and Requests for Adequate Protection are the same, the Court does not need to review both.

1

*Sale Process, (B) Approving Bidding Procedures, (C) Scheduling an Auction and a Sale Hearing, (D) Approving Form and Manner of Noticed Related Thereto, (E) Authorizing Sale Free and Clear of All Liens, Claims, Interests and Encumbrances, (F) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Proposed Cure Amounts With Respect Thereto, and (G) Granted Related Relief* (Doc. 483) (the "Sale Motion"); and (III) requests that the Court grant Piping and Equipment adequate protection pursuant to 11 U.S.C. § 363(e).  In support of this Objection and request for adequate protection (the "Objection and Request for Adequate Protection"), Piping and Equipment respectfully states as follows:

## INTRODUCTION

Piping and Equipment files this Objection and Request for Adequate Protection out of an abundance of caution.  Piping and Equipment is a lessee under an unexpired lease of nonresidential real property with one of the Debtors acting as landlord.  In the Motion to Reject and Sale Motion, Debtors are seeking to sell the real property that is the subject of the unexpired lease under Section 363 of the Bankruptcy Code, free and clear of the lease and Piping and Equipment's leasehold interest in the real property, and are further seeking to reject the unexpired lease in a manner that deprives Piping and Equipment of its rights under Section 365(h) of the Bankruptcy Code.  As of the date hereof, the proposed buyer is seeking an assumption and assignment of the unexpired lease in connection with its proposed purchase of the property.  If the lease is assumed and assigned to the buyer, Piping and Equipment's leasehold interest and rights under the lease should be protected.

However, because the proposed asset purchase agreement provides that the proposed buyer can change its mind regarding the lease at any time between now and closing, and *not* seek an assumption and assignment of the lease, Piping and Equipment objects to the Motion to Reject and Sale Motion and requests adequate protection under Section 363(e) to protect and

maintain Piping and Equipment's leasehold interest in the property, rights under the lease, and Section 365(h) rights.

## BACKGROUND

**(A).  The Lease.**

      1.       Piping and Equipment is a full line industrial distributor of pipe, valves, fittings and related products.

      2.       On October 1, 2017, Debtor Lockwood Holdings, Inc. ("Lockwood"), as landlord, entered into a Lease with Piping and Equipment, as lessee (the "Lease"), regarding the property located at 901 Wilson Road, Clute, Texas 77531 (the "Leased Premises").  Lockwood is the owner of the Leased Premises.  (Doc. 565, p. 3, ¶ 8)

      3.       The Lease does not expire for over one year, on September 30, 2019.  (Doc. 202, Debtors' Schedule G, 2.30, p. 39)

      4.       Under the Lease, Piping and Equipment pays Lockwood $8,160.00 per month in rent.  As part of the Lease, Piping and Equipment is entitled to use all of the racking and furniture in the Leased Premises and all of the racking in the pipe yard.

      5.       Section 12.2 of the Lease provides that if the Leased Premises is sold during the term of the Lease, it will not affect Piping and Equipment.

      6.       The Lease is the result of an arms-length negotiation between Lockwood and Piping and Equipment and its terms are commercially reasonable.

      7.       A true and correct copy of the Lease is attached as **Exhibit A**.

**(B).  The Sale Motion & the Sale Order.**

      8.       On June 29, 2018, Debtors filed the Sale Motion, seeking, among other things, the approval of a comprehensive sale process to sell unidentified assets pursuant to 11 U.S.C. § 363,

including the approval of Bidding Procedures, the scheduling of an Auction, and the scheduling of the Sale Hearing.[2]  (Doc. 483)

      9.      The Sale Motion makes no reference to any specific asset that Debtors are seeking to sell, nor does the Sale Motion state that any real property will be sold free and clear of any leasehold interest that exists with respect to any real property.  (Doc. 483, pp. 19-21)  The Sale Motion also does not mention the potential rejection of any lease, instead setting forth procedures for the assumption and assignment of assumed contracts.  (*Id.*, pp. 16-19)

      10.      On July 17, 2018, the Court entered an Order Granting the Sale Motion (Doc. 513) (the "Sale Order").  The Sale Order states that any objections to the Sale Motion and the proposed Sale shall be filed on or before August 17, 2018 at 4:00 p.m. Central Time.  (*Id.*, p. 5)  The Sale Order approved the Bidding Procedures and scheduled a Sale Hearing, but did not otherwise approve the sale of any of Debtors' assets under § 363(f) of the Bankruptcy Code.  (*Id.*)

**(C).  Debtors' Motion to Reject – a Proposal to Deprive Piping and Equipment of Its Protections Under § 365(h)(1)(A).**

      11.      On August 8, 2018, Debtors filed the Motion to Reject regarding the Lease.  (Doc. 565)  In the Motion to Reject, "Debtors seek authority to reject and terminate the Lease" subject to the terms of a proposed order that is attached as Exhibit A to the Motion to Reject, with the "rejection and termination to be effective at 11:59 p.m. (prevailing Central Standard Time) on the 10th calendar day after Debtors file a notice of rejection and termination of the Lease with the Court."  (*Id.*, p. 4, ¶ 10)[3]

---

[2] For ease of reference, capitalized terms used herein when referring to the Sale Motion and Sale Order have the same meaning as set forth in the Sale Motion and Sale Order.

[3] Throughout the Motion to Reject, Debtors ask the Court for authority to "reject *and terminate*" the Lease.  *See, e.g.*, (Doc. 565, p. 4) (emphasis added)  It is well settled, however, that a rejection of a lease constitutes a breach of the lease, not a termination of it.  *Matter of Austin Dev. Co.*, 19 F.3d 1077, 1082 (5th Cir. 1994).  *See also* 11 U.S.C. § 365(g).  Accordingly, if Debtors are successful on the Motion to Reject, the result of the rejection is a breach of the Lease.  There is no basis for the Lease to be terminated.

12.     Essentially, Debtors are requesting the option of being able to reject the Lease whenever they want to do so, and to provide Piping and Equipment with only ten (10) days' notice prior to the effective date of such rejection and the date that Debtors argue Piping & Equipment must vacate the Leased Premises.  *(Id.)*

13.     Prior to filing the amended Motion to Reject, on July 31, 2018, Debtors filed *Debtors' Expedited Motion to Reject Non-Residential Real Property Lease (Clute, Texas)* (Doc. 548) (the "Initial Motion").  In the Initial Motion, Debtors asked the Court to approve rejection of the Lease effective one day prior to the date scheduled for the Auction.  (Doc. 548, p. 4, ¶ 10) Debtors filed the Motion to Reject, however, after realizing that a potential purchaser of the Leased Premises may want an assumption of the Lease.  July 31, 2018 was the first date that Debtors addressed the Lease during this bankruptcy, which has been pending since January 18, 2018.

14.     As part of filing the Motion to Reject, Debtors seem to realize that a rejection of the Lease triggers Piping & Equipment's rights under 11 U.S.C. § 365(h)(1)(A).  11 U.S.C. § 365(h)(1)(A).  Under § 365(h)(1)(A), Piping and Equipment has two options upon rejection of the Lease: (a) treat the Lease as terminated and file a rejection damages claim, or (b) elect to remain in possession of the Leased Premises and pay rent.  *See infra* (Argument, Section I).  In the Motion to Amend, however, Debtors argue that if the Motion to Reject is granted, and if a Sale of the Leased premises is approved under 11 U.S.C. § 363(f), the Leased Premises will be sold "free and clear" of Piping and Equipment's "leasehold interest, including [Piping and Equipment's] § 365(h) rights."  (Doc. 565, p. 10)  Debtors argue that a rejection of the Lease will permit the Debtors to sell the Leased Premises "without any restrictions," including the Lease. (Doc. 565, p. 5, ¶ 13)

15.     As set forth herein, Debtors' argument is wrong: a rejection of the Lease does not result in Piping and Equipment being deprived of the protections provided to it by § 365(h)(1)(A) and any sale of the Leased Premises should be subject to Piping and Equipment's leasehold interest in the Leased Premises.

**(D).  The Proposed Sale of the Leased Premises.**

16.     An Auction to sell at least certain of Debtors' assets was held on August 15, 2018 at 10:00 a.m.  (Doc. 513, pp. 18-20)

17.     As of the date and time of filing this Objection and Request for Adequate Protection, Debtors have not filed a notice of the Successful Bid and Successful Bidders.  *See* (Doc. 513, p. 20) (stating that *"[p]romptly following the Debtors' selection of the Sucessful Bid(s) and the conclusion of the Auction*, the Debtors shall announce the Sucessful Bid(s) and Sucessful Bidder(s) and *shall file with the Bankruptcy Court notice of the Sucessful Bid(s) and Successful Bidder(s)*"*) (emphasis added)

18.     Therefore, as of the date and time of filing this Objection and Request for Adequate Protection, it is not clear what exact assets Debtors are proposing to sell and the proposed terms and conditions of such a sale.

19.     Prior to the Auction, on August 9, 2018, Debtors filed a *Notice of Stalking Horse Bidder (Certain U.S. Assets and Singapore Inventory)* (Doc. 570) (the "Notice of Stalking Horse Bidder") identifying Lockwood Holdco, LLC (the "Buyer") as the stalking horse bidder for certain of the Debtors' assets in the United States and Singapore, as enumerated on the terms set forth in an Asset Purchase Agreement attached to the Notice (the "Proposed APA").  (Doc. 570)

20.     On August 13, 2018, Debtors filed a *Second Amended Notice of Stalking Horse Bidder (Certain U.S. Assets and Singapore Inventory)* (Doc. 582), attached to which are amended schedules to the Proposed APA.  (Doc. 582)

21.     Piping and Equipment has been informed in email communications that the Buyer is the Sucessful Bidder, however, the only Asset Purchase Agreement it has received a copy of is the Proposed APA attached to the Notice of Stalking Horse Bidder.  For purposes of this Objection and Request for Adequate Protection, Piping and Equipment will assume (as it must) that the terms and conditions of the Proposed APA have not materially changed as a result of the Auction, at least with respect to those terms and conditions that affect Piping and Equipment.

22.     Under Section 2.1(a) and Schedule 2.1(a) of the Proposed APA, Buyer is seeking to purchase the Leased Premises.  (Doc. 570, p. 17); (Doc. 582, p. 5)

23.     Section 7.3 of the Proposed APA states that Schedule 7.3(b) "contains a list of those Contracts and Permits that Buyer elects to have assumed and assigned to Buyer on the Closing Date hereof (the "Designated Contracts")."  (Doc. 570, p. 33)

24.     The Lease is listed as a Designated Contract on Schedule 7.3(b), meaning that Buyer is electing to have the Lease assumed and assigned to it.  (Doc. 582, p. 28)  Therefore, the sale of the Leased Premises will be subject to the Lease.

25.     However, Section 7.3 of the Proposed APA further states that "Buyer shall be entitled to remove certain Contracts at any time prior to the date that is one business day prior to Closing."  (Doc. 570, p. 33)  Closing will not take place until after the Court has entered an order approving the proposed Sale.  (*Id.*, pp. 8, 38)  Therefore, under the language of the APA, at any time between now and a date that is within fifteen (15) days after the Court enters an order approving the proposed Sale, the Lease could be removed from the Designated Contracts list, without notice to Piping and Equipment.  (*Id.*, p. 33)  Debtors' counsel has confirmed this interpretation of the APA, communicating that the APA gives Buyer the "option" not assuming the listed leases and executory contracts.

26.     Piping and Equipment therefore files this Objection and Request for Adequate Protection out of an abundance of caution, to protect its § 365(h) rights, its leasehold interest in the Leased Premises, and its rights under the Lease, and to object to the proposed Sale of the Leased Premises to the extent that the proposed Sale is not subject to the Lease.

## ARGUMENT & AUTHORITIES

**(I).     THE MOTION TO REJECT AND SALE MOTION SHOULD BE DENIED TO THE EXTENT THAT EITHER OR BOTH MOTIONS SEEK TO DEPRIVE PIPING AND EQUIPMENT OF ITS RIGHTS AND PROTECTIONS UNDER 11 U.S.C. § 365(H)(1)(A), INCLUDING THE RIGHT TO REMAIN IN POSSESSION OF THE LEASED PREMISES UNTIL THE END OF THE LEASE TERM.**

27.     Section 365(h)(1)(A) of the Bankruptcy Code provides "special protections" to a lessee in the event that a debtor that is a lessor rejects an unexpired lease of nonresidential real property, stating as follows:

> If the trustee rejects an unexpired lease of real property under which the debtor is the lessor and –
>
> (i)  if the rejection by the trustee amounts to such a breach as would entitle the lessee to treat such lease as terminated by virtue of its terms, applicable nonbankruptcy law, or any agreement made by the lessee, then the lessee under such lease may treat such lease as terminated by the rejection; or
>
> (ii)  if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

11 U.S.C. § 365(h)(1)(A).  *See In re Haskell L.P.*, 321 B.R. 1, 6-7 (D. Mass. Bankr. 2005) (describing the two options provided to a lessee as "special protections").

28.     To state it more succinctly: in the event that a debtor, as lessor, rejects an unexpired lease of nonresidential real property – like the Lease – the debtor's rejection power is

limited and a lessee, like Piping and Equipment, is given two options: either treat the Lease as terminated and make a claim for rejection damages, or continue in possession of the Leased Premises and pay rent. *Id.* at 7.

29.    Here, Debtors seek to deprive Piping and Equipment of the special protections provided by § 365(h)(1)(A), primarily the right to continue in possession of the Leased Premises until the end of the Lease term.  (Doc. 565)  Debtors argue that because the rejection of the Lease is being sought in connection with a possible sale of the Leased Premises under § 363(f), the sale of the Leased Premises will be free and clear of liens, claims, interests or encumbrances, including Piping and Equipment's leasehold interest, and therefore, Piping and Equipment will no longer have a leasehold interest in the Leased Premises and it will not be entitled to the protections for lessees under § 365(h)(1)(A).  (*Id.*)[4]

30.    This question – the interplay between a lessee's rights under § 365(h) and a sale of property under § 363(f) – is the source of a split of authority between courts.  *See Matter of Spanish Peaks Holdings II, LLC*, 872 F.3d 892, 898 (9th Cir. 2017).  The majority of courts that have addressed this question have rejected Debtors' argument, and instead recognized Piping and Equipment's rights as a lessee under § 365(h). *See id.* (recognizing that a majority of courts that have addressed the apparent conflict between §§ 363(f) and 363(h) "hold that section 365 trumps section 363" and a lessee cannot be deprived of its protections under § 365(h) by a sale under § 363).

31.    The majority view has held that "the provisions of § 365(h) are the exclusive remedies of a debtor lessor, and the debtor cannot avail itself of the provisions of § 363 to sell property and extinguish a tenant's leasehold interest."  *Haskell*, 321 B.R. at 7 *(citing In re*

---

[4] Notably, the Motion to Reject is the only motion in which Debtors articulate this position.  The Sale Motion does not mention selling any real property free and clear of a *leasehold* interest.  Debtors seem to be combining the relief requested in the two motions to make their argument.

*Churchill Props. III, L.P.,* 197 B.R. 283 (Bankr. N.D. Ill. 1996); *In re Taylor*, 198 B.R. 142 (Bankr. D.S.C. 1996); *In re LHD Realty Corp.*, 20 B.R. 717 (Bankr. S.D. Ind. 1982)).

32.     The *Haskell* court explained that if the court were to grant a § 363(f) sale motion that authorized a sale free and clear of a tenant's leasehold interest, "the provisions of § 365(h) would be eviscerated.  In other words, the Debtor would be doing indirectly what it could not do directly, namely, dispossessing [the tenant]."   *Id.*   Section 365(h) does not permit a debtor to dispossess a lessee under an unexpired lease that is paying rent and fulfilling its lease obligations.  11 U.S.C. § 365(h).  *See also Churchill*, 197 B.R. at 288 (determining that "Section 365(h) is clear and specific in providing for certain rights and remedies available to the lessee after rejection of its lease. . . Here, if the Court were to adopt the [] application of Section 363(f), the application of Section 365(h)(1)(A)(ii) as it relates to non-debtor lessees would be nugatory."); *Taylor*, 198 B.R. at 167-68 (stating that "Congress intended § 365(h) to control the rights of landlord and the tenant when a landlord files bankruptcy and that § 365(h) reflects a careful balance between the needs of the bankrupt's estate and the rights of a tenant to the estate to which the tenant bargained.").

33.     Here, if Debtors reject the Lease, Piping and Equipment has two options under § 365(h), including staying in possession of the Leased Premises and paying rent for the remainder of the Lease term.  11 U.S.C. § 365(h)(1)(A).  Under the majority view, neither the Motion to Reject, nor the Sale Motion, can deprive Piping and Equipment of this right and its leasehold interest.  *See Haskell*, 321 B.R. at 7.

34.     Although a minority of courts have reached a different conclusion, it is important to recognize a distinction between the scenario faced by those courts and this case.  In *Spanish Peaks*, the Ninth Circuit found that there was no conflict between §§ 363 and 365 because in that case, § 365 had not been implicated because there was no rejection of the lease.  *Spanish Peaks*,

872 F.3d at 899.  The Ninth Circuit specifically declined to address the interplay of §§ 363 and 365 when a debtor rejects a lease and then proposes to sell the real property subject to the lease. *Id.* n.6.  The same is true of *Precision Industries, Inc. v. Qualitech Steel SBQ, LLC (In re Qualitech Steel Corp. & Qualitech Steel Holdings Corp.)*, 327 F.3d 537, 548 (7th Cir. 2003), in which the Seventh Circuit held that § 363 permits a sale to occur free and clear of a lessee's possessory interest – provided the lessee is granted adequate protection for its interest.   In *Qualitech*, there had been no rejection of a lease prior to the sale motion and thus, according to the Seventh Circuit, there was no conflict between § 363 and § 365 for the court to resolve.  *Id.* at 547.

35.     Here, Debtors are seeking to reject the Lease – thus triggering Piping and Equipment's § 365(h) rights – and then sell the Leased Premises free and clear of Piping and Equipment's leasehold interest, including its right to possession under § 365(h).

36.     Piping and Equipment requests that the Court follow the majority view and hold that Piping and Equipment's right to remain in possession of the Leased Premises until the end of the Lease term as explicitly provided by § 365(h) prohibits the sale of the Leased Premises free and clear of Piping and Equipment's leasehold interest.  As the *Haskell* court found, a holding otherwise would "eviscerate" Piping and Equipment's § 365(h) rights and allow Debtors to do what they cannot do: dispossess Piping and Equipment.  *See Haskell*, 321 B.R. at 9.

**(II).    THE SALE MOTION SHOULD BE DENIED TO THE EXTENT THAT THE BUYER IS PROPOSING TO PURCHASE THE LEASED PREMISES *NOT* SUBJECT TO THE LEASE BASED ON A FAILURE TO SATISFY § 363(F).**

37.     As set forth above, as of the date hereof, Buyer is electing to assume the Lease and have the Lease assigned to it.  (Doc. 570, p. 33); (Doc. 582, p. 28)  Nevertheless, the Proposed APA gives Buyer the option of not assuming and taking an assignment of the Lease at any time between now and Closing.  (Doc. 570, p. 33)  Accordingly, based on this state of

uncertainty, Piping and Equipment objects to the Sale Motion out of an abundance of caution to the extent that the Buyer purports to change its mind and seeks to purchase the Leased Premises free and clear of the Lease.

38.     Section 363(f) permits a trustee to sell property free and clear of any interest in such property of an entity other than the estate, only if –

> (1)  applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)  such entity consents;
>
> (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)  such interest is in bona fide dispute; or
>
> (5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

39.     In this case, Debtors argue that "[e]ach lien, claim, interest or encumbrance . . . satisfies at least one of the five conditions of section 363(f)."  (Doc. 483, p. 20, ¶ 43)  This, however, is not the case with respect to Piping and Equipment's leasehold interest.

40.     To begin with, the following subsections of § 363(f) are clearly not applicable to Piping and Equipment's leasehold interest:

- (2) – Piping and Equipment does not consent to the proposed Sale of the Leased Premises if the proposed Sale is not subject to the Lease;

- (3) – Piping and Equipment's leasehold interest is not a lien; and

- (4) – there is no dispute that the Lease exists and does not expire until September 30, 2019.

41.     The remaining subsections of § 363(f) also do not permit the Sale.

42.     First, with respect to subsection (1), applicable nonbankruptcy law does not permit a sale of the Leased Premises free and clear of Piping and Equipment's leasehold interest. Under Texas law, a purchaser with actual or constructive notice of a lease purchases real property subject to that lease.  *See Alamo Fireworks, Inc. v. Truckload Fireworks, Inc.*, Case No. 08-01-00229-cv, 2002 WL 313191, *4 (Tex. Ct. App. Feb. 28, 2002) (citing *Madison v. Gordon*, 39 S.W.2d 604, 606 (Tex. 2001)).

43.     Here, the Buyer certainly has notice of the Lease.  Subsection (1) therefore does not authorize a sale free and clear of the Lease.  *See Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 710 (S.D.N.Y. 2016) (holding that a § 363(f) sale of real property was not free and clear of a lease because such a sale was not authorized under applicable nonbankruptcy law).

44.     Second, subsection (5) permits a sale of the Leased Premises free and clear of the Lease if Piping and Equipment could be compelled to accept a money satisfaction of its interest in a legal or equitable proceeding.  11 U.S.C. § 363(f).  In *Dishi & Sons*, the court rejected the argument that this subsection permits a sale free and clear of a leasehold interest.  *Id.* at 711 (expressly rejecting the debtor's argument that a sale free and clear is authorized under subsection (5) because of a possible foreclosure by a creditor).  Piping and Equipment is not aware of any hypothetical legal or equitable proceeding in which Debtors could force Piping and Equipment to vacate the Leased Premises in exchange for a money satisfaction of its leasehold interest.

45.     Accordingly, to the extent the Court disagrees with the majority line of cases cited above, and finds that Piping and Equipment's § 365(h) rights do not take precedence over a right to sell the Leased Premises free and clear in a § 363 sale, the Court may still find that the proposed Sale of the Leased Premises is subject to Piping and Equipment's leasehold interest

because Debtors have failed to prove that *any* of the subsections of § 363(f) are met in this instance. *See Dishi*, 510 B.R. at 699 (holding that although § 363(h) does not give a lessee an absolute right that takes precedence over a trustee's right to sell free and clear of interests, § 363(f) will rarely permit a sale free and clear of a lessee's rights). Putting aside Piping and Equipment's § 365(h) rights, a sale of the Leased Premises free and clear of Piping and Equipment's leasehold interest is not permitted under § 363(f).

**(III). PIPING AND EQUIPMENT IS ENTITLED TO ADEQUATE PROTECTION UNDER § 363(E) WHICH MEANS ALLOWING PIPING AND EQUIPMENT TO STAY IN POSSESSION OF THE LEASED PREMISES PURSUANT TO THE TERMS OF THE LEASE.**

46.     Piping and Equipment requests adequate protection under § 363(e) in the event that the Court permits the proposed Sale of the Leased Premises to move forward in a manner that is free and clear of the Lease.

47.     Courts that have taken the minority view and held that property may be sold free and clear of a lessee's leasehold interest have not denied the lessee protection of its interest in the property. Indeed, these courts have still recognized the need for protection of lessees, and have specifically found that lessees have the right to adequate protection under 11 U.S.C. § 363(e). *Spanish Peaks*, 872 F.3d at 899 (finding that a bankruptcy court "must provide adequate protection for an interest that will be terminated by a sale if the holder of the interest requests it. . . . the broad definition of adequate protection makes it a powerful check on potential abuses of free-and-clear sales."); *Qualitech*, 327 F.3d at 548 (reasoning that lessees are not without recourse in the event of a sale free and clear of their interest, stating that "[t]hey have the right to seek protection under section 363(e), and upon request, the bankruptcy court is obligated to ensure that their interests are adequately protected.").

48.     Section 363(e) states that "[a]t any time, on request of any entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee, the court, with or

without a hearing, **shall** prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e) (emphasis added).

49.    The Bankruptcy Code explains that when adequate protection is required under § 363, such adequate protection may be provided by "granting such relief" that "will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361(3).

50.    In cases similar to this – in which a debtor is proposing to sell property free and clear of a leasehold interest – courts have held that the necessary adequate protection to provide the lessee is continued possession of the property. *Dishi*, 510 B.R. at 711-12 (affirming the bankruptcy court's decision to grant adequate protection in the form of continued possession under § 363(e)); *Haskell*, 321 B.R. at 10 (finding that under the circumstances, "adequate protection can only be achieved through continued possession of the leased premises.").

51.    Indeed, there is no other adequate protection that will result in Piping and Equipment realizing the "indubitable equivalent" of its leasehold interest in the Leased Premises other than continued possession of the Leased Premises through the term of the Lease pursuant to the terms of the Lease.  *See* 11 U.S.C. § 361(3).  Debtors have not proposed any cash compensation for the significant monetary loss and expense that Piping and Equipment would incur by having to shut down and vacate the Clute, Texas facility.  The only possible adequate protection that fulfills the requirement of §§ 363(e) and 361(3) is continued possession of the Leased Premises pursuant to the terms of the Lease through the end of the Lease Term.  This includes the continued right to use all of the racking and furniture in the Leased Premises and all of the racking in the pipe yard.

**(IV).    THE PORT ARTHUR, TEXAS LEASE BETWEEN LOCKWOOD AND PIPING AND EQUIPMENT EXPIRED BY ITS OWN TERMS ON JULY 31, 2018 AND IS NOT SUBJECT TO ASSUMPTION BY THE BUYER.**

52.     As a final matter, the Proposed APA presents an issue related to Piping and Equipment that is not connected with the Lease that Piping and Equipment seeks to clarify.

53.      On the Proposed APA's Designated Contracts schedule, the Buyer and Debtors have listed the lease between Lockwood, as landlord, and Piping and Equipment, as lessee, regarding property located in Port Arthur, Texas (a different lease than the unexpired Lease that is the subject to the Motion to Reject).  (Doc. 570, p. 33); (Doc. 582, p. 28) (the "Port Arthur Lease").  Thus, Buyer appears to be proposing to assume and have assigned to it the Port Arthur Lease.

54.     The Port Arthur Lease, however, expired by its own terms on July 31, 2018. (Doc. 202, Debtors' Schedule G, 2.32, p. 40)  Prior to July 31, 2018, the Port Arthur Lease was not assumed or rejected by the Debtors.

55.     The Port Arthur Lease is therefore no longer an executory contract and is not subject to assumption or rejection.  *See In re B & K Hydraulic Co.*, 106 B.R. 131, 136 (Bankr. E.D. Mich. 1989); *In re Pesce Baking Co.*, 43 B.R. 949, 957 (Bankr. N.D. Ohio 1984).  To the extent that the Sale Motion seeks an assumption of the Port Arthur Lease, it is moot.

WHEREFORE, Piping and Equipment, Inc. respectfully requests that the Court (a) deny the Motion to Reject and the Sale Motion to the extent that either or both motions seek to deny Piping and Equipment its rights under § 365(h)(1)(A) and seek authorization to sell the Leased Premises not subject to the Lease, free and clear of Piping and Equipment's § 365(h) rights and leasehold interest in the Leased Premises; (b) deny the Sale Motion to the extent that it seeks to assume the non-existent Port Arthur Lease because such assumption has been rendered moot by the post-petition expiration of the Port Arthur Lease; and (c) and for such other, further, and different relief as the Court deems just and equitable.

16

DATED this 17th day of August, 2018.

PIPING AND EQUIPMENT, INC.

By: _/s/ Kristin Krueger_

Kristin M.V. Krueger, #23919
KOLEY JESSEN P.C., LLO
1125 South 103 Street, Suite 800
Omaha, NE  68124
(402) 390-9500; (402) 390-9005
Kristin.Krueger@koleyjessen.com

Attorneys for Piping and Equipment, Inc.

## CERTIFICATE OF SERVICE

On this 17th day of August, 2018, I electronically filed the foregoing with the Clerk of
the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all
CM/ECF participants.

**COUNSEL FOR DEBTOR**
GRAY REED & MCGRAW LLP
Jason S. Brookner                                              jbrookner@grayreed.com

**CHIEF RESTRUCTURING OFFICER FOR DEBTOR**
GLASSRATNER ADVISORY AND CAPITAL GROUP
Mark Shapiro                                                   mshapiro@glassratner.com

**COUNSEL TO THE COMMITTEE**
MCKOOL SMITH
Christopher D. Johnson                                         cjohnson@mckoolsmith.com

**UNITED STATES TRUSTEE**
Hector Duran                                                   Hector.Duran.Jr@usdoj.gov

**COUNSEL TO WELLS FARGO**
WINSTEAD PC
Rakhee V. Patel                                                rpatel@winstead.com
Sean B. Davis                                                  sdavis@winstead.com

_/s/ Kristin Krueger_
Kristin Krueger

4841-1066-2000.1